McFarland, Adm'r, v. Stone.

---

BENJAMIN McFARLAND, Adm'r of EBENEZER BURDICK, *v.* STAFFORD STONE.

[Same Case, 16 Vt. 145.]

The legality of the appointment of an administrator by the probate court cannot be inquired into in any other court, nor collaterally questioned in any way.

An administrator may maintain an action for the recovery of the possession of real estate, for the use of the heirs, until after a decree of distribution has been made by the probate court. And in this respect it makes no difference whether the descent was cast under the statute 1797, or under the statute of 1821.

McFarland, Adm'r, v. Stone.

But the administrator can only recover, in such case, according to the rights of the heirs at the commencement of the action ; and if the rights of some of the heirs are barred by the statute of limitations, and the rights of others are saved by their being under certain disabilities, the recovery will be of those shares, only, which are not lost.

And in such case, the defendant having acquired a title by possession as against some of the heirs, the remaining heirs, whose rights are saved from the operation of the statute, will be tenants in common with the defendant.

A disability, to save the operation of the statute of limitations in regard to real estate, must exist in the heir *at the time* the right, or title, first descends to him. Hence *successive* disabilities, though existing in the same person, cannot exempt his right from the operation of the statute.

The doctrine of presumptive grants cannot be applied to a case which is within either the enacting or saving clause of the statute of limitations; it applies only to cases which are not strictly within the statute.

In case of tenancy in common of real estate, the right of part of the tenants to recover in ejectment is not affected by the fact that the rights of their co-tenants are barred by the operation of the statute of limitations.

Any entry upon land, which puts in operation the statute of limitations against him whose right is superior, creates an *ouster*.

*It seems*, that in ejectment, where the defence is adverse possession founded on claim of title, the statute of limitations will bar all claim for the recovery of the rents and profits, which accrued more than six years prior to the commencement of the plaintiff's action.

EJECTMENT for a lot of land in Westford. Plea, the general issue, and trial by jury.

On trial it was admitted by the defendant that the said Ebenezer Burdick died intestate, at Westford, in 1815, or 1816, seized and possessed, in fee, of the premises described in the plaintiff's declaration ;—that at his decease he had living nine children, viz. six sons and three daughters, who were the heirs to his estate ;—that the five oldest children became of age more than fifteen years prior to the commencement of this action ;—that the next child, a daughter, named Nancy, after the death of her father, and before she be-

came eighteen years of age, was married, and lived with her hus-· band until his death, which was in September 1840 ; that the next child, Olive Burdick, after the death of her father, and before she became eighteen years of age, was married to the plaintiff in this suit, and lived with him to the time of trial ;—that the two remaining children, one son and one daughter, had neither of them been of age more than fifteen years before the commencement of this suit ;—and that the four last named children were still living.

The defendant farther admitted that the plaintiff took out letters of administration on the estate of the intestate, February 3, 1841 ; that no administration was ever before taken on said estate, and no settlement of the estate ever made ; and that the defendant had been in the exclusive possession of the premises for about ten years last past, and to the time of trial, under the deeds given in evidence by him, and claiming the entire estate, interest and title in and to the premises so possessed by him. It was also admitted by the parties that the possession had accompanied the deeds given in evidence by the defendant.

The defendant offered in evidence a deed of the premises from George Cleaveland, collector, to Isaac Chase, dated July 3, 1818,— to which the plaintiff objected, and it was excluded by the court as evidence of title, but allowed to be read as evidence of the claim of title, and to mark the extent of the defendant's possession. The defendant also gave in evidence a deed of the same premises from Isaac Chase to Jemima Burdick,—who was admitted to be the widow of the intestate and mother of the children above named,—and also deeds of the same premises from Jemima Burdick, through divers grantees, to the defendant.

The defendant contended,—1, That a deed was to be persumed ;—2, That no right existed on which administration could be granted ;—3, That if the statute of limitations begins to run against one heir, it runs against all ;—4, That successive disabilities cannot be allowed ; and therefore that the right of Nancy and Olive was gone ;—5, That the administrator cannot claim in behalf of the heirs ;—6, That the defendant was tenant in common with the heirs, and that there could be no recovery without a demand ;—and 7, If the administrator could claim for the heirs, it was a joint ac-

McFarland, Adm'r, v. Stone.

tion, and that there could be no recovery, unless all the heirs were entitled to recover.

The plaintiff insisted, and requested the court to charge the jury, that he was entitled to recover the whole premises, of which the defendant was in possession at the commencement of the suit, and that the statute of limitations was no bar to such recovery ;—that if not entitled to recover the whole, then he was entitled to recover, not only the shares of the two heirs who had not been of age fifteen years, at the commencement of the suit, but also the shares of Nancy and Olive, who were married before they arrived at the age of eighteen years,—being five fifteenths,—and that the statute of limitations did not run against them while minors, or *femes covert ;*—and that the plaintiff was entitled to recover rents and profits for the whole time the defendant had been in possession.

The court refused to charge as requested by either of the parties, but did charge the jury that the plaintiff was entitled to recover only three fifteenths* of the premises, of which the defendant was in possession at the commencement of the suit, with rents and profits only for the last six years next previous to the commencement of the suit, and to the time of trial. The jury returned a verdict for the plaintiff in accordance with the instructions of the court. Exceptions by both parties.

*C. Adams* for defendant.

1. The defendant's title to the land had become perfect, before administration was granted to the plaintiff; for the defendant, and his grantors, had been in uninterrupted possession of the land for more than twenty three years. It is a principle as old as Blackstone, that, on the death of the ancestor, the fee instantly descends to the heir. An entry and ouster of Burdick in his lifetime, if the possession is continued, would transfer his title, though his death should intervene. So, in like manner, this entry and ouster of the

---

*Being the shares of the son and daughter who had not been of age fifteen years at the commencement of the suit, computed according to the statute in force at the decease of the intestate, by which sons took portions double in amount of those allowed to daughters.

McFarland, Adm'r, v. Stone.

heirs, being continued for more than twenty three years, has vested their title in the defendant. An entry and ouster of the executor, or administrator, would not necessarily vest the title, and simply for the reason that the title is not in them. It might bar *their* right to recover, but the heir might sue, and, on bringing himself within any of the savings of the statute, would recover. *Conant, Adm'r,* v. *Hitt,* 12 Vt. 285. *Hubbard* v. *Ricart,* 3 Vt. 207. *Webster* v. *Webster,* 10 Ves. 93. *Beckford* v. *Wade,* 17 Ves. 93. *Hickman* v. *Walker,* Willes 27. *Cushman* v. *Jordan,* 13 Vt. 597.

2. Exemption from the operation of the statute is a personal privilege, and confined wholly to the person of the party suing. The administrator cannot put in issue the fact that the heirs are minors, nor can that fact be tried in this case, nor would any decision of it conclude the heirs.

3. The administrator is not the trustee of the heirs. If a recovery should be had on the ground that a particular heir was a minor, it would not avail that heir, for the land could not be set to him exclusively, but the probate court would divide it among all the heirs. The administrator is more properly the agent of the law, charged with the duty of enforcing such lien as the creditors may have upon the land; and when their claims are satisfied, his power over the land ceases.

4. The plaintiff's claim is indivisible, and he must recover the whole, or none. If he is to be regarded as a trustee, he is a trustee for all the heirs, and his claim is to have the same effect, as if all the heirs, in person, had joined in the suit. A joint suit by all the heirs would be defeated on the failure of title in any one of them. *Univ. of Vt.* v. *Reynolds,* 3 Vt. 557. *Perry* v. *Jackson,* 4 T. R. 516. *Langdon* v. *Rowlston,* 2 Taunt. 441. *Marsteller* v. *Mc Lean,* 7 Cranch. 359.

5. Successive disabilities are not to be allowed; and hence, if the plaintiff recovers, he can only recover for the shares of the two youngest children, who had not been of age fifteen years before the commencement of this suit. *Eager* v. *Commonwealth,* 4 Mass. 182. *Bunce* v. *Wolcott,* 2 Conn. 27. *Griswold* v. *Butler,* 3 Conn. 227.

6. The jury should have been instructed that they might presume a deed, to support the title of the defendant.

22

7. The plaintiff cannot recover without proof of a demand and refusal, or an actual ouster. The plaintiff rests his case on the ground that he and the defendant are tenants in common; and if so, the defendant is entitled to the rights of a tenant in common, and cannot be ejected without a demand to be let in.

*Hyde & Peck* for plaintiff.

1. The plaintiff was entitled to recover the whole premises. The intestate died in possession of the premises, and no right of entry, or action, accrued till after his death. The statute of limitations, therefore, does not begin to run till administration granted, there being no cause of action until there is a party capable of suing. *Curry* v. *Stephenson*, Skin. 555, [4 Bac. Abr. 479.] *Stanford's Case*, cited in *Saffyn* v. *Adams*, Cro. Jac. 60–61. *Murray, Adm'r*, v. *East India Co.*, 5 B. & Ald. 204, [7 E. C. L. 66.] *Fairclaim* v *Little*, cited in *Ib.* 4 Bac. Abr. 479. *Ruff's Adm'r* v. *Bull*, 7 Har. & J. 14. *Haslett's Adm'r* v. *Glenn*, Ib. *Hepburne's Adm'r* v. *Sewell*, 4 Har. & J. 393, 430. Chit. on Cont. 313. *Douglas et al.* v. *Forrest*, 15 E. C. L. 113–120. This rule applies in all cases, where the cause of action vests in the personal representative of the deceased; and as the statute, [Sl. St. 346 § 63,] vests the right of action for the recovery of lands in the administrator, and prohibits the heirs from bringing such action, this case is within the rule, and the right of none of the heirs is barred. *Hubbard* v. *Ricart*, 3 Vt. 207, is confined to cases where no division can possibly be necessary. *Boardman* v. *Bartlett*, 6 Vt. 631.

If, under this statute, real estate vests in the heirs at the death of the ancestor, it is but a conditional, or contingent, estate, or at most but a remainder, or a fee encumbered by a particular estate, and the statute does not begin to run until such estate, or encumbrance, is removed, or determined. *Allen* v. *Blakeway*, 24 E. C. L. 456. 2 Cruise's Dig., Tit. 31, c. 2, § 24. Blanchard on Lim. 32, [1 Law Lib. 17.] 2 Preston on Titles 397, 337. *Clark* v. *Vaughan*, 3 Conn. 191. *Ricard* v. *Williams*, 5 Pet. Cond. R. 257–258.

2. If the court settle the rights of the heirs as at common law, where the heirs have exclusive and immediate control over the real estate, then the plaintiff is entitled to recover the shares of those

who had not been of full age fifteen years at the commencement of the suit, and also the shares of Nancy and Olive, who married before eighteen years of age. Successive disabilities in the same person to whom the right first accrued, where no time intervenes, may be attached to save the operation of the statute. 2 Preston on Titles 340, 397. 1 Kent 514. Blanch. on Lim. 19, 21, [1 Law Lib. 10, 11.] Adams on Eject. 45.

No English reported case contravenes this doctrine, either expressly, or by implication. The cases where supervenient, or successive, disabilities have been held not within the saving of the statute are of three classes. 1. Where the person to whom the right *first accrued* was, at the time, free from disability, and a disability afterwards came upon him. 2. Where a time intervened between successive disabilities in him to whom the right *first* accrued. 3. Where successive disabilities existed in different persons, the latter succeeding to the rights of the former.

The case of *Stowell* v. *Zouch*, 1 Plowd. 353, and all the two first classes of cases, rest on the principle that the time limited by statute [4 Hen. 7, c. 24; 21 Jac. 1, c. 163,] must be continuous, and the statute once having attached, a subsequent disability will not arrest it. 1 Plowd. 371, 372. Blanch. Lim. 18. As to the third class,—2 Inst. 519, *Dillon* v. *Leman*, 2 H. Bl. 584, *Cottrell* v. *Dutton*, 4 Taunt. 825, and Arch. Pl. 29 support the doctrine that successive disabilities in different persons, if continuous, may be attached; but *George* v. *Jesson*, 6 East 80, is to the contrary; but the latter case is put on the words "first" and "heirs" in the English statute, restricting the saving of the statute to disabilities in the person to whom the right *first* accrued.

In *Bunce* v. *Wolcott*, 2 Conn. 27, the mortgage was forfeited, and the right to bring a bill to redeem accrued to Benton in his lifetime. In *Eager* v. *Commonwealth*, 4 Mass. 182, the right of action accrued to Martin,—through whom the plaintiff, his heir, claimed,—three years before his death; which brings the case within the principle of *Stowell* v. *Zouch*. *Griswold* v. *Butler*, 3 Conn. 227, was a case of successive disabilities in *different persons*, and a cessation of disability in the the person to whom the right of entry first accrued.

McFarland, Adm'r, v. Stone.

If, by the Connecticut and Massachusetts statutes, and the statute of 21 Jac. 1, successive disabilities in the same person cannot be attached, it is by reason of the words,—" *at the time the said right or title first accrued*,"—which are omitted in our statute. See Sl. St. 291, § 10. This statute exempts persons under disabilities absolutely and unconditionally, while the English statute gives but ten, and the Conn. and Mass. statutes but five years after disability removed. The sound construction is, that the statute shall not attach, until there is a freedom from disability. There is no distinction between a *voluntary* and an *involuntary* disability;—so that had insanity, instead of coverture, supervened, the result must be the same.

From analogy to other decisions this case comes within the *equity* of the proviso, if not within the letter, and is excepted by implication. *Phelps et al. v. Wood*, 9 Vt. 399. *Ferriss v. Barlow*, 8 Vt. 90. *Spear et al. v. Newell*, 13 Vt. 288. *Hall v. Hall*, 8 Vt. 156.

3. This is not a case in which a conveyance can be presumed. Where the statute applies, no presumption can arise from adverse possession for a period less than that required by the statute, and no conveyance can be presumed from those constantly under legal disability, as a party cannot be presumed to have done what he had no legal capacity to do. *Wells et ux. v. Morse*, 11 Vt. 9. *Spear et al. v. Newell*, 13 Vt. 288. *Sumner et al. v. Child*, 2 Conn. 607. 1 Cow. & Hill's notes to Ph. on Ev. 356. *Eldridge v. Knott et al.*, Cowp. 214.

4. Administration, having been granted by a court of competent jurisdiction, cannot be collaterally impeached.

5. If some of the heirs are barred, the rights of others remain perfect. The action is not in the nature of a joint action in the name of all the heirs, as the administrator represents those, only, whose rights remain. The cases where joint actions have been defeated, by some of the plaintiffs being barred, are where the objection was, not to the *right*, but to the remedy,—it being necessary that all the plaintiffs should recover, or none. Adams on Eject. 56. *Langdon v. Rowlston*, 2 Taunt. 441.

6. If the plaintiff and defendant are tenants in common, the facts admitted show an ouster, and no demand was necessary. Ad.

McFarland, Adm'r, *v.* Stone.

on Ej. 54–56. *Fishar et ux.* v. *Prosser*, Cowp. 217. *Hellings* v. *Bird*, 11 East 49. *Valentine* v. *Northrop*, 12 Wend. 494. *Pomeroy* v. *Mills*, 3 Vt. 410. *Clark* v. *Vaughan*, 3 Conn. 191. *Catlin* v. *Washburn*, 3 Vt. 26–40.

The opinion of the court was delivered by

REDFIELD, J. 1. No question can properly be made here, or in the county court, in regard to the legality of the appointment of the plaintiff as administrator. That is a matter resting *exclusively* within the jurisdiction of the probate court, and cannot be inquired into in any other court, nor collaterally questioned in any way. The appointment by that court is as conclusive as the judgment of any other court of competent jurisdiction, and cannot be set aside, or impeached, in any other way than by proceedings in the probate court for that express purpose.

2. Upon the question whether the administrator can maintain an action to recover lands for the benefit of the heirs, there can be little doubt. The statutes of 1797 and of 1821 [Tol. St. 144, § 66; Sl. St. 346, § 63,] are almost precisely the same, in regard to the authority of the administrator to bring actions of ejectment for the benefit of the heir. Both statutes expressly give the authority to the administrator to bring such action, or to prosecute one already brought by the intestate, " *to the use of the devisees, heirs, or creditors,* of such estate, as the case may be." It is true that the statute of 1821 expressly prohibits the heir, or devisee, of land from bringing an action of ejectment to recover the same, until decree of distribution. But that will not affect the right of the administrator to bring such action, which is given in express terms, unless we suppose the legislature intended to make a distinction between the right of the administrator to bring suits and to prosecute those already brought, which is not supposable.

3. But the right of the administrator to maintain an action " to the use of the heir " must depend upon the *continuing* right of the heir. The administrator's right, in such case, is only incidental to that of the heir ; and when the principal right is gone, the incident must fall with it. And as there can be no doubt that the heirs could have maintained an action in their own names, while the

McFarland, Adm'r, v. Stone.

statute of 1797 was in force,—and, having acquired this right under that statute, they would not be deprived of it by the prohibition in the statute of 1821,—the rights of all the heirs, except the three girls and the youngest son, are clearly barred by the statute of limitations. And even if we should, hold that the rights of heirs, accruing under the statute of 1797, will be suspended by that of 1821, the statute of limitations will equally prevail, whether the right of the heir is to sue in his own name, or in that of the administrator. But in practice the rights of heirs have been determined by the laws in force at the time of the descent cast, and this even in regard to the bringing of suits.

In regard to those heirs who have been under successive disabilities, until within the term of fifteen years before suit brought, we feel unable to say that they are exempt from the operation of the statute. Our statute of limitations is so similar to the English statute, in this respect, that we should hardly feel justified in departing from the construction adopted by the English courts, inasmuch as that was known to the legislature at the time of passing the statute, and, it may well be presumed, was expected to be adopted by our courts, and was thus virtually made a part of the act itself,—as is the case in regard to all the English statutes which have been adopted here; it is to be presumed it was done with the construction they had received in that country, unless the phraseology has been so modified as to exclude such construction.

The English statute is, to be sure, more explicit upon the matter of successive disabilities than our statute; but the general scope of the statutes is the same. The English statute says, "such person," that is, the person disabled, "or their heirs, may bring the action within ten years after his, or their, *full age, dis-coverture, coming of sound mind, or death;*" thus obviously excluding the idea of successive disabilities, either in different persons, or the same person. It obviously confines the disability to one person. It is farther provided that the disability shall have existed " *at the time* the said right, or title, *first descended.*" Hence it is admitted, that, if more than one disability exist at the time the right accrues, the statute will not begin to run until *all those* disabilities are removed. This is consistent with the terms of the statute, and necessary to a ra-

McFarland, Adm'r, *v.* Stone.

tional application of its principles. The statute was intended to save the rights of the party until all those disabilities, *existing at the time the right accrues,* are removed. And we are not prepared to extend our statute of limitations farther than it has been extended in Westminster Hall, or any of the American states. *Stowel* v. *Lord Zouch,* 1 Plowd. 353. *Demarest* v. *Wynkoop,* 3 Johns. Ch. R. 129. *Eager* v. *Commonwealth,* 4 Mass. 182. In Connecticut this rule was at first disregarded; *Eaton* v. *Sanford,* 2 Day 523; but that case was finally overruled in *Bunce* v. *Wolcott,* 2 Conn. 27.

This disposes of the shares, except those of the daughter and son, whose shares it is not pretended are barred by the statute of limitations. And as this is a case where the statute applies, we could not also apply the doctrine of presumptive grants, which only applies to those cases which are not strictly within the statute. As this is not a case of joint tenancy,—in which all must join in bringing suit,—the rights of some may be barred, and not those of the others,—as some might have conveyed their interests by deed, or be barred by estoppel;—so also by the statute of limitations. One tenant in common may recover the whole estate against a stranger; and in Vermont tenants in common may join, by special statute; but it has never been held, that, the right of one tenant in common being barred by the statute of limitations, the rights of, all were gone, notwithstanding they were under disabilities;—and such a doctrine would be strict and unreasonable. *Hicks* v. *Rogers,* 4 Cranch 165. 1 Ch. Pl. 56.

There can be no doubt as to the proof of ouster. The same proof, that puts the statute of limitations in operation, creates an ouster. In the present case the bill of exceptions states explicitly, that the defendant "had been in the exclusive possession of the premises for about ten years past, and up to the present time, under the deeds given in evidence, claiming the entire estate." There would seem to be very little lack of proof upon this point.

Judgment affirmed.