## DAVID S. AUSTIN, *Administrator of* ANNAH HAWKINS *v.* SOLOMON DOWNER AND JOHN D. FRENCH.

### *Action by administrator.*

The administrator of the grantor, in a conditional deed, may maintain an action of ejectment, in his name as administrator, for a recovery of the premises upon a forfeiture of them on account of the non-performance, by the grantees, of the condition of the deed.

EJECTMENT for certain lands in Brunswick. Plea, the general issue; trial by jury, January Term, 1854, POLAND, J., presiding.

The plaintiff introduced in evidence the letters of administration granted to him upon the estate of Annah Hawkins, deceased,—a deed of the premises, described in the declaration, from Ebenezer Wooster to the said Annah Hawkins, and a conditional deed from her to John Cranmore, of the same premises, dated December 23, 1831, securing the payment by the said Cranmore of the sum of one hundred dollars to Joseph Hawkins, a son of the said Annah, at her decease, and a series of conveyances of the same premises from the said Cranmore to the defendants; and claimed to recover on the ground that the $100, to be paid to the said Joseph Hawkins upon the death of the said Annah, had not been paid. It was proved that Annah Hawkins died in 1842;—that Joseph Hawkins then lived in Brunswick, and continued to, until about 1844, when he left the state and has not since returned, and that his present residence is unknown. It was also proved that said

Annah Hawkins left six children at her decease, that Austin, the plaintiff, had purchased in the shares of two of said children to the estate of said Annah, and that at the time of the commencement of this suit he owned the claim of $100, reserved to Joseph Hawkins, but that since the pendency of the suit he had conveyed the same to his father.

The defendant requested the court to charge that the action could not be sustained by the plaintiff as administrator ; but the court charged otherwise, to which the defendant excepted.

(The same testimony was introduced and the same questions raised, in addition to the one above stated, which were introduced and raised upon the previous trial of the case and were determined upon a former hearing, as reported in the 25 Vt. 558 ; but as they were considered as disposed of at that hearing, a further statement of them is omitted.)

——— ——— for the defendant.

——— ——— for the plaintiff.

The opinion of the court was delivered by

BENNETT, J.    We understand that all the questions which might be raised on this bill of exceptions were disposed of at the last term of this court, upon a bill of exceptions in this same case, except the one relative to the plaintiff's right as administrator to sustain this action.

We shall confine our remarks to that point.    It seems the intestate died in 1842, and letters of administration were granted to the plaintiff in 1851.

It appears that the intestate, at the time of her decease, left six children, and that the plaintiff has purchased in the shares of two of them to the estate.

It is difficult to see anything in the objection taken by the counsel.    It is said that there should have been some evidence that the heirs of the intestate continued in life on the part of the administrator, and that, without this, the administrator cannot sustain this action.    It is a sufficient answer to this objection that the law presumes the children to continue in life until facts are proved

from which a different presumption is raised, as an absence of seven years, unheard from, in which case death may be presumed, and the burden of proof cast upon the party who asserts the continuance of life. 1 Greenleaf's Evidence, section 41, page 105.

In this case the administrator recovers in trust for himself, as the owner of two shares, and also for the other four children, if there are no creditors. The case of *McFarland, Admr.* v. *Stone,* 17 Vt. 165, is a full authority for the point now decided.

Judgment of the county court affirmed.