RUSSELL & WASHBURN v. A. D. SPLATER.

*Promissory Note Taken in Payment of a Pre-existing Debt.*

One who takes a negotiable note before maturity, at its full value, in payment of a pre-existing debt, in good faith, and without notice of anything that would invalidate it in the hands of the payee, is a *bona fide* holder for value, and not affected by any equities existing between the original parties.

ASSUMPSIT on a note for $150, dated June 20, 1867, payable to William H. Niles, or bearer, in two months from date. Plea, the general issue. Trial by jury and verdict for the defendant, September term, 1874, PIERPOINT, Ch. J., presiding.

The plaintiffs held the note merely for collection, one Coffin being the real owner thereof, who took it before maturity, in part payment of a pre-existing debt against Niles, and allowed the full face thereof. The evidence on the part of the defendant tended to show, that in the transaction between him and Niles out of which the note grew, Niles defrauded him, and that the consideration of the note had entirely failed. The evidence on the part of the plaintiffs tended to show, that when Coffin took the note, he had no knowledge of any want or failure of consideration, nor of any circumstances that would tend to invalidate the note in the hands of the payee.

The plaintiffs requested the court to charge the jury, that if Coffin took the note before maturity, at its full face, in part payment of a pre-existing debt against Niles, without knowledge of

35

any want or failure of consideration, or of any circumstances that would tend to lead a man of ordinary prudence to suspect that there was any want or failure of consideration, or any other mat- ter that would invalidate the note in the hands of the payee, the plaintiffs were entitled to recover. The court refused to charge as requested ; but charged that the taking of the note in part payment of a pre-existing debt, was not such a taking as would make Coffin such a *bona fide* holder for value, as to enable the plaintiffs to recover, if there was any defence to the note as between the maker and the payee ; that Coffin stood in the same position as Niles would, had the suit been brought in his name ; and that the only question was, whether there was any such want or failure of consideration as would prevent a recovery in the name of the payee. To the refusal to charge as requested, and to the charge as given, the plaintiffs excepted.

*Russell & Washburn* and *Henry Ballard*, for the plaintiffs.

In this state, " it is understood to be well settled, that a note received in payment of a pre-existing debt, is received and held upon a valuable and valid consideration." BARRETT, J., in *Dixon* v. *Dixon et als.* 31 Vt. 450, 455 ; *Quinn* v. *Hard*, 43 Vt. 375.

Should it be claimed that it does not appear from the exceptions that the old debt on which the note was given in part payment, was so far extinguished by such payment, it may be answered, that from the exceptions, it appears that the note was accepted in payment, without qualification, as in *Quinn* v. *Hard.* In this state, the taking of a note for a pre-existing debt, is, *prima facie,* payment and satisfaction. *Hutchins et al.* v. *Olcott,* 4 Vt. 549 ; *Wait* v. *Brewster,* 31 Vt. 516, 527 ; *Wemet* v. *Missisquoi Lime Co.* 46 Vt. 458. And this presumption is rebutted only where it is distinctly shown that such was not the intention of the parties ; or where the party receiving the note has been defrauded and then he alone has the power to repudiate the note if he chooses, and deny its operation as payment. *Dixon* v. *Dixon et al., supra.* The law is the same in Massachusetts, and in most of the other states, and is so stated in the text books. 1 Am. Lead. Cas. 276 ; 2 *Ib.* 274 ;

*Blanchard* v. *Stevens*, 3 Cush. 162; *Ives* v. *Farmers' Bank*, 2 Allen, 236; Story Prom. Notes, 215; 3 Kent Com. n. 2; 2 Parsons Cont. 621.

*A. V. Spaulding* and *R. S. Taft*, for the defendant.

The authorities are by no means uniform in this country that the taking of a note for a pre-existing debt, constitutes a valuable consideration in the law merchant, so as to protect it in the hands of such a holder from defences and equities subsisting between the original parties. In New York, Kentucky, Virginia, and in some other states, it has been held that it does not. The American authorities are numerous and conflicting on this point. It does not appear in this case, only from inference, that the pre-existing debt for which the note in suit was taken, was due at the time the note was negotiated. All the authorities are uniform on this point, that the taking of a note for a previous debt not due, is not taking it for value in the law merchant.

The opinion of the court was delivered by

REDFIELD, J. The note in suit was negotiated to one George Coffin, while current, who purchased it for full value, in good faith, by cancelling a pre-existing debt to the full amount of the note. As between the original parties there is a good defence to the note. Coffin is the plaintiff in interest. Does Coffin stand as a *bona fide* purchaser for value? In *Dixon* v. *Dixon et al.* 31 Vt 454, this very question was before the court, and the court, BARRETT, J., held distinctly that, "it is well settled that a note, received in payment of a pre-existing debt, is received and held upon valuable and valid consideration." In *Quinn* v. *Hard et al.* 43 Vt. 375, Hard signed the note as surety for Lane, and was induced thereto by false and fraudulent representations of Lane. Lane delivered the note to Quinn in payment of a pre-existing debt; and the court, PECK, J., say: "The pre-existing debt of Lane to the plaintiff, was a good consideration for the note, both as to Lane the principal and Hard the surety; especially as it appears that the note was accepted in payment of that debt." This note was negotiable on its face; and Niles, the payee, had

the possession and apparent authority to negotiate it; and Coffin, having purchased it for "valuable and valid consideration," stands on higher equity than the defendant, who has, apparently, authorized Niles to put the note in circulation, among innocent purchasers. In the case of *Atkinson* v. *Brooks*, 26 Vt. 574, RED-FIELD, Ch. J., says: "It seems now to be pretty generally conceded, that one who takes a note or bill, indorsed while current, in payment and extinguishment of a pre-existing debt, must be regarded as a holder for value." The case of *F. & M. Bank* v. *Hathaway*, 36 Vt. 539, is not an exception to the general rule. The note in that case was not negotiable, and the case was decided on special grounds, and in no way conflicts with the general rule and general current of authorities.

We think that the refusal of the court to charge as requested by the plaintiff as to Coffin being a *bona fide* holder for value, was error; and for this reason the judgment of the county court is reversed, and cause remanded.