UNIVERSITY OF VERMONT AND STATE AGRICULTURAL COLLEGE *v.* GEORGE C. CARTER ET UX.

October Term, 1938.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 3, 1939.

*Warren R. Austin, Jr., H. M. McFarland* and *Austin & Edmunds* for the plaintiff.

*Arthur L. Graves* and *William S. Burrage, Jr.,* for the defendants.

JEFFORDS, J. This is an action of ejectment to recover possession of a certain tract of land in the town of Jay known as lot No. 1 in range 12. The case was heard by stipulation in vacation by the presiding judge on an agreed statement of facts from which the following appears:

The town of North Jay was chartered on December 28, 1792. On June 26, 1806, the lot in question was drawn by John Cozine, one of the original proprietors. This lot was conveyed from time to time and on March 30, 1844, the University of Vermont, the predecessor in title of the plaintiff, received a quitclaim deed to it.

The plaintiff through its said predecessor in title has a perfect chain of title to said lot commencing with the charter of the town of North Jay until March 30, 1844. Subsequent to said date there are no conveyances of record either by the plaintiff or its predecessor, the University of Vermont.

The defendants entered and took possession of said premises on September 6, 1923, and have continued to occupy the same without the permission of the plaintiff since that date. The defendants have a perfect paper title commencing with a mortgage deed dated November 2, 1871.

Neither the University of Vermont nor the plaintiff has occupied or exercised physical control over the premises since March 30, 1844.

From as early as November 2, 1871, to time of suit the defendants and their predecessors in title have been in actual possession of said premises and such possession has been open, visible, notorious, exclusive, continuous, uninterrupted and under a claim of right. That as early as 1871 said lot was divided into meadow, pasture and wood land, about two-thirds of the lot being cleared. There was then an old log house on the lot which was used for human habitation as late as 1890. There was also a barn and apple orchard during said time.

Since 1870 the lot has been taxed by the town of Jay and the defendants and their predecessors in title have paid the taxes assessed thereon by said town.

The defendants have occupied, farmed and paid taxes on the lot since the time they purchased the farm in Jay of which said lot forms a part, from November 6, 1923, to the time of suit, believing that they had a good fee simple title to said lot. The plaintiff has the fee of lot 2 in range 11, a part of which latter lot is included in defendants' farm. Upon presentation of bills by the plaintiff to the defendants for the rent of their portion of lot 2 the defendants have paid rent thereon to the plaintiff under a lease all the time the defendants have owned said farm, believing this was the only part of their farm in which the plaintiff claimed any interest. The plaintiff has never billed the defendants for any rent of said lot 1 and the defendants were thereby induced to believe and did believe that the plaintiff claimed no title to said lot 1 until suit was brought.

The agreed statement concludes with the following:

"It is further agreed that the above facts are sufficient to afford a presumption or inference of a grant to the defendants or some of their predecessors in title provided there can be a legal presumption or inference of such a grant in this case."

Upon consideration of the agreed statement of facts it was held:

"1. That the doctrine of presumptive grants applies and the law, under the facts set forth, pre-

sumes a grant to the defendants or some one of their predecessors in title.

"2. That the defendants have title to the lot of land in question superior to that of the plaintiff by reason of the adverse possession of the defendants and their predecessors in title for a period of more than fifteen years.

"3. That the plaintiff is estopped from asserting title against these defendants."

Judgment was entered for the defendants to which the plaintiff excepted and it comes here on this exception.

We will first determine whether the doctrine of presumptive grants applies here in favor of the defendants as held below.

The essence of the plaintiff's claim is that this doctrine does not apply to cases within the statute of limitations but only in equity to those outside by analogy to the statute. That the subject matter here is within the statute and that the parties by the exemption are brought within it, the relationship being recognized but the privilege denied. That by the exemption the Legislature has determined that the defendant cannot gain title to the lands in question by an action or proceeding at law.

· The express exception to the statute of limitations referring to the recovery of lands (P. L. sec. 1642) which the plaintiff relies on is found in P. L. sec. 1674 and reads as follows:

"Nothing contained in this chapter shall extend to lands given, granted, sequestered or appropriated to a public, pious or charitable use, or to lands belonging to the state."

Both parties agree that this exception was in force on November 2, 1871, and before that time. On this point we will assume, without in any way deciding, that this exception would prevent the statute of limitations from running in favor of the defendants.

This doctrine has been discussed in many of our earlier cases and none can be found to support the position taken by the plaintiff. The cases from other jurisdictions are in accord with ours.

■ The doctrine exists independently of the statute. It has been so expressly held. 2 C. J. 289, sec. 651, 292, note 27; 2 C. J. S. 880; *Trustees of Wadsworthville Poor School* v. *Jennings*, 40 S. C. 168, 18 S. E. 257, 891, 42 A. S. R. 854.

The statement in Corpus Juris, *supra*, at page 292, is quoted with approval in *Carruth* v. *Gillespie*, 109 Miss. 679, at 685, 68 So. 927.

It is said in the Wadsworthville case, *supra*, that although the statute of limitations could not be pleaded in bar because of the exemption the Legislature did not interdict the defense of the presumption of title or grant arising from 20 years adverse, open and continuous possession, unrebutted by facts inconsistent with the presumption. There is then quoted with approval a holding in another case, *Trustees of Wadsworthville Poor School* v. *McCully*, 11 Rich. (S. C.) 424, that: "The presumption is independent of the statute of limitations. It applies to subjects not within the statute, and it depends upon principles which would operate if there were no such statute."

■ Although not expressly stated, this rule is apparently impliedly recognized in our decisions and those from other jurisdictions which hold that the doctrine applies to cases within the statute and also to those without the statute because the subject matter is not included therein or because it may be said that they are not within on account of some express exception or exemption.

Justice Story in delivering the opinion for the court in *Ricard* v. *Williams*, 7 Wheat. 59, 109, 5 L. ed. 398, said:

> "There is no difference in the doctrine, whether the grant relate to corporeal or incorporeal hereditaments. A grant of land may as well be presumed, as a grant of a fishery, or of common, or of a way. * * * * In general, it is the policy of courts of law to limit the presumption of grants to periods analogous to those of the statute of limitations, in cases where the statute does not apply. But where the statute applies, it constitutes, ordinarily, a sufficient title or defense, independently of any presumption of a grant, and therefore, is not generally resorted to. But if the circumstances of the case justify it a presumption of a grant may

> as well be made in the one case as in the other; and where the other circumstances are very cogent and full, there is no absolute bar against the presumption of a grant, within a period short of the statute of limitations.''

The case of *Fletcher* v. *Fuller*, 120 U. S. 534, 30 L. ed. 759, 7 Sup. Ct. 667, holds that the presumption applies to corporeal and to incorporeal hereditaments, to cases within and without the statute. *U. S.* v. *Chavez*, 175 U. S. 509, 44 L. ed. 255, 20 Sup. Ct. 159, holds that although a grant from the sovereign cannot be conclusively presumed from mere lapse of time, the same can be presumed if the adverse claim could have had a legal commencement and there had been many years of peaceful ownership accompanied by the usual acts of ownership.

The case of *Commodores Point Terminal Co.* v. *Hudnall*, 283 Fed. 150, recognizes the presumption as applying to cases within the statute.

We will now turn to cases from our own Court.

The case of *University of Vermont* v. *Reynolds*, 3 Vt. 542, 23 A. D. 234, was one of ejectment. The defendant had been in possession for thirty-eight years and claimed title by virtue of the statute of limitations and by presumption of grant. The Court held that because of the exception in the statute similar to the one now in existence and above referred to the statute did not bar. Under the charter of the plaintiff it had no power to make a grant and for this reason the Court held that none could be presumed from it. The Court said on this point at page 560:

> ''Further, it is true that where there exists no power to make a grant, none can be presumed from a possession however long it may be. If it was necessary in this case to presume a deed from the trustees of the university to establish the defendant's claim, it would not be established, as the trustees never had any power to convey by deed.''

The Court then held that the jury might and ought to have presumed a grant in favor of the defendant from one of several sources other than the plaintiff.

From the nature of the case and the language in the opinion it is apparent that the Court recognized that the doctrine applied to those cases in which the subject matter comes within the statute. It is also apparent from the quotation above given that the Court recognized that the doctrine would apply against the plaintiff in spite of the exception if the plaintiff had possessed power to convey.

Aldis, J., in *Townsend* v. *Downer's Estate*, 32 Vt. 183, discusses at great length the doctrine of presumptive grants. This was an action of ejectment. The Court held that for various reasons a grant could not be presumed to the defendant from the plaintiff nor her predecessor in title but did hold that the facts warranted a presumption of grant to defendant from a third person.

The Court on page 205 says:

> "In cases *not within the statute of limitations* grants are presumed or proved by mere length of possession and without auxiliary circumstances; thus where the *claimant* is not within the statute, such is the *U. V. M.* v. *Reynolds*, 3 Vt. 542 [23 A. D. 234]; where the *subject matter* is not included in the statute, such as easements; or where from *the relation of the parties,* such as tenancies in common, the possession is not *prima facie* adverse. In such cases courts presume grants in analogy to the statute of limitations. Sometimes these presumptions are held to be conclusive, at others open to be rebutted. The line between conclusive and disputable presumptions is not well defined. * * * *
> "In cases *within the statute of limitations* mere length of possession, unaccompanied by other circumstances, is not sufficient to raise the presumption of a grant. Where possession has existed for the length of time prescribed by the statute, it becomes a bar by the operation of the statute; if for a less time, it must be aided by other circumstances or the presumption cannot arise."

In *Victory* v. *Wells*, 39 Vt. 488, an action of ejectment, it was held that the facts warranted a presumption of a grant from the State to the defendant. It appears that the exception to

the statute applied at the time to both the plaintiff and to the State.

Rowell, C. J., speaking for the Court in *Trustees of Caledonia County Grammar School* v. *Howard*, 84 Vt. 1, 77 Atl. 877, in discussing the doctrine quotes with approval from *Ricard* v. *Williams, supra,* and recognizes that the doctrine applies to cases coming within the statute. It was shown that the facts in the case did not warrant the raising of the presumption in favor of the defendants. It is significant that neither in this case nor in the opinion in the same case when it came again before this Court, 86 Vt. 151, 84 Atl. 26, was the decision in favor of the plaintiff based on the same exception to the statute as the one here and which applied in favor of that plaintiff.

Some of the cases cited by the plaintiff we have already discussed and have found them favorable to the defendant. Others cited are *Wells et ux.* v. *Morse,* 11 Vt. 9; *Spear & Carleton* v. *Newell,* 13 Vt. 288, and *McFarland, Admr.* v. *Stone,* 17 Vt. 165, 44 A. D. 325.

The first of these cases was a petition to the court of chancery to redeem a mortgage. The defendant claimed the benefit of a presumption from mere lapse of time that the equity of redemption had been extinguished. The petitioner had been an infant during all or part of this time, so came within the disability exception of the statute of limitations. The Court stated that the statute did not apply here and that the doctrine of presumption in chancery is in strict analogy to the statute of limitations. It said that the court of chancery applies the presumption in cases not within the statute, but never to cases expressly excepted by the statute. It then held that the presumption would not be made against an infant from *lapse of time alone.* The court then shows that the presumption may arise by lapse of time supported by other circumstances and concludes on this point in these words:

> "What I intend to assert is, that mere lapse of time will never of itself create a bar, either at law or in equity, where, by express provision of the statute, the party is exempted from its operation."

It can be seen that this case is actually in favor of the defendants here.

The next case has to do with a bill in chancery to settle and adjust matters arising out of a co-partnership. To the presumption of settlement claimed by the defendant the court applied by analogy to the six-year statute of limitations a five-year deduction and held that for this reason the presumption did not apply.

*McFarland* v. *Stone* was a case in ejectment. The plaintiff as administrator represented the interests of several heirs. The defendant claimed title both by adverse possession and by presumption of grant. It was held that the statute barred all except two heirs who had not become of age more than fifteen years before the commencement of the suit and as to them the court says:

> "This disposes of the shares, except those of the daughter and son, whose shares it is not pretended are barred by the statute of limitations. And as this is a case where the statute applies, we could not also apply the doctrine of presumptive grants, which only applies to those cases which are not strictly within the statute."

At the first reading it appears that this language favors the claim of the plaintiff here. It does not appear, however, from the facts in the case that anything except mere lapse of time was shown to support defendant's claim. There being no supporting circumstances no presumption could be raised as is shown in *Ricard* v. *Williams, supra,* and *Townshend* v. *Downer, supra.* The case as far as these two were concerned was on the facts strictly within the statute, thus giving no ground for the application of the presumption. This holding when so read does not conflict with our decision in this case.

The plaintiff claims that this doctrine is analogous to the statute of limitations and argues that because of this full force should be given to the exception in its favor. It will be found from the cases herein cited and others on this subject that this term is so applied generally to cases not within the statute because of the subject matter, such as easements, or because the action is in chancery where the statute does not apply to the case at hand. In such instances the courts apply the doctrine as to length of time and general exemptions for disability, etc., by

analogy to the statute. See *Tracy* v. *Atherton,* 36 Vt. 503, where this subject is gone into fully.

But we have found none of these cases that hold that the presumption cannot be raised on a proper showing of facts in the given case against a party excepted or exempted from the statute. Indeed the contrary appears as is shown by the cases cited in this opinion.

According to the classification in *Townshend* v. *Downer, supra,* the case here is one of those not within the statute, the plaintiff being excepted from the same. The Court states what is necessary in the way of proof of a presumption of a grant in such cases and says that in them courts presume grants in analogy to the statute of limitations. It would seem that this case would be sufficient authority for holding as we do here if we had been disposed to rely on it alone.

But it is clear that whether this case is within the statute as claimed by the plaintiff or not within as indicated in *Townshend* v. *Downer, supra,* a grant can be presumed to the defendants or some of their predecessors in title from the plaintiff provided the latter had power to convey. In view of the concluding statement in the agreed statement of facts above quoted it is not necessary to determine the nature of the presumption, nothing appearing in the agreed statement to rebut or repel the same.

The plaintiff does not and could not claim that it lacks or lacked power to make the grant, for by sec. 4 of No. 83 of the Acts of 1865 it was given such power. Said section as far as material reads as follows:

> "Said board of trustees shall have the right to use, control, sell, or dispose of all the real estate and personal property now belonging to the University of Vermont," etc.

The date of the presumed grant will be presumed to be as of a date not earlier than the commencement of the possession. 2 C. J. 290; 2 C. J. S. 877, 878. The commencement of possession on the part of defendants' predecessors in title was in 1871. At that date the plaintiff was the owner of the

premises with power to convey so that a grant from it can be presumed.

In view of our holding on this question there is no need to inquire into those of adverse possession and estoppel.

*Judgment affirmed.*