.WILLIAM W. CHIPMAN, Respondent, v. SAMUEL A. HASTINGS, Appellant.

## No. 3474; December 8, 1873.

**Ejectment—Answer not Demurrable.**—An answer in ejectment setting up a perfect legal title in fee in a person from whom the defendant claims, the death and intestacy of this person, a forged will by the person from whom the plaintiff claims, his fraudulent acquisition thereby, and notice of the fraud had by the plaintiff and his grantors, cannot successfully be demurred to, since the demurrer admits these allegations to be true.

**Cotenancy—Limitations of Actions.**—Under the Rule That if One of several tenants in common labors under a disability which preserves his rights under the statute of limitations, this will not inure to the benefit of his cotenants against whom the statute has fully run, if the tenant under disability brings his action against the disseizor for the possession, he can recover only his undivided interest.

**Limitation of Actions—Time to Raise Objection.**—Where there is no express showing that the filing of an amended answer after the complete running of the statute of limitations was done without leave of court asked and obtained, but so far as the record discloses without objection by plaintiffs, objection cannot be made for the first time on appeal.

52

APPEAL from Third Judicial District, Alameda County.

Wm. W. Chipman in pro. per.; Clarke & Carpentier for appellant.

See Chipman v. Hastings, 50 Cal. 310.

CROCKETT, J.—The action is ejectment, and the demanded premises are included within that portion of the "Rancho de San Antonio" which has been finally confirmed to Antonio Maria Peralta, one of the sons of Luis Peralta, deceased, to whom the rancho was originally granted. The plaintiff claims under the confirmee, Antonio Maria, and the defendant under the daughters of the original grantee, Luis Peralta. The case of Minturn v. Brower, 24 Cal. 644, was also an action of ejectment for a portion of the tract confirmed to Antonio Maria Peralta, and in that case, as in this, the plaintiff claimed under the confirmee and the defendants under the daughters of the grantee. In each case the answers allege as matters of equitable defense that Luis Peralta died intestate, seised in fee of the land, and that his title descended to his four sons and to his four daughters and to the issue of a deceased daughter in equal portions; that the four sons, in fraud of the daughters, procured the title to the whole rancho to be confirmed to them in severalty, to the exclusion of the daughters; that in support of their alleged right to a confirmation they put in evidence before the land commission and the district court of the United States a forged and simulated will of Luis Peralta, deceased, purporting to devise the entire rancho to the four sons; that the confirmation was procured by means of these fraudulent practices, of which, it is alleged, the plaintiffs, and all those through whom they deraign title, had notice before taking their conveyances. In each case the prayer is that the plaintiff be decreed to be a trustee, holding the title derived under the confirmation in trust for the defendants to the extent of the interest acquired by them from the daughters of Peralta. There is no substantial difference between the equitable defenses set up in the two actions, and in each of them the court below sustained a demurrer to this portion of the answers. In Minturn v. Brower this court held the answer to be good, and reversed the action of the court below in sus-

taining the demurrer. The ground of the decision was that the demurrer admitted the averments of the answer to be true, and from these averments it appeared that Luis Peralta, at the time of his death, was seised in fee of the land, having a perfect legal title thereto, which needed no confirmation by the tribunals of the United States; that having the fee, his title was protected by the treaty of cession and by the law of nations, and could not be devested by a failure to present it for confirmation; that, if he died intestate, as the answer alleged, the title descended to his heirs at law. In the present case the answer avers that the supreme court of the United States, in adjudicating the title of Luis Peralta on appeal, adjudged that his title to the land in controversy "was a perfect legal title in fee." The demurrer admits the truth of this allegation and that Peralta died intestate. It also admits the averments touching the simulated will and notice to the plaintiff and his grantors. There being no substantial difference between the equitable defenses set up in the two actions, the decision in Minturn v. Brower is decisive of this point in the present action. But it is suggested by counsel that the authority of Minturn v. Brower on this point has been shaken by the later case of Banks v. Moreno, 39 Cal. 238. In that case, however, the point we are now considering did not arise. The question there was, whether on the title papers of Luis Peralta, which were put in evidence at the trial, he held a perfect legal title in fee or only an inchoate, imperfect, or, as it is sometimes styled, an equitable title. We held it to be of the latter character on the title papers as then presented. But in the present case, as in Minturn v. Brower, the demurrer admits that he held a perfect legal title in fee, and in each case the plaintiff relied upon the statute of limitations as a bar to the equitable defense. We are unable to discover any substantial difference between the two cases, so far as relates to the equitable defenses; and on the authority of that case we hold that the demurrer ought to have been overruled.

It appeared, however, at the trial that the female plaintiff, who is the real party in interest, owned only an undivided half of the land under the title derived from Antonio Maria Peralta to the demanded premises as a tenant in common with one Poland, who owned the other undivided half. It further ap-

peared that the defendant entered under mesne conveyances from the sisters of Peralta, and had been in the actual adverse possession of the whole property for ten years or more next preceding the commencement of the action. At the commencement of the action the statute of limitations had not fully run against either of the tenants in common. But within three days thereafter the bar of the statute became complete as against Poland, unless his rights were preserved by the commencement of the present action within the statutory period by his cotenant, who sues to recover the possession of the whole tract. After the statute had fully run as against Poland, the defendant filed an amended answer, setting up the statute as a defense in respect to Poland's share of the property. The court, however, entered a judgment for the possession of the whole in favor of the plaintiff, and this ruling is assigned as error.

The rule is well settled that if one of several tenants in common labors under disability which preserves his rights under the statute of limitations, this will not inure to the benefit of his cotenants against whom the statute has fully run. Hence in such a case, if the tenant in common under disability brings his action against the disseizor for the possession, he can recover only his undivided interest. The reason of the rule is that in respect to the tenants in common against whom the statute has fully run, the disseizor has acquired an estate founded on the disseizin, corresponding in its nature and extent with the estate of the disseizee, and has thus become a tenant in common with him whose rights were preserved by the disability. These questions are somewhat elaborately discussed in Arrington v. Liscom, 34 Cal. 365, 94 Am. Dec. 722, and in Williams v. Sutton, 43 Cal. 65. It is therefore unnecessary to repeat the reasoning here. From these premises it results that, if at the commencement of this action the statute had fully run against Poland, and if Mrs. Chipman had then been under a disability which preserved her rights, she could have recovered only her undivided moiety of the property, and would have become a tenant in common with the defendant. Nor do I perceive how the commencement of the action by her a few days before the statute had fully run against Poland can vary the result. It is clear that her action did not suspend the running of the statute against her cotenant. Otherwise the

same result would· have ensued if the suspension had been caused by her disability. In the one case, as in the other, the suspension inures only to the benefit of the person whose condition or acts have caused it, and cannot avail a cotenant with whom there is no unity of title or estate, but only of possession. The statute, therefore, did not cease to run against Poland on the commencement of the action; and when it had fully run, the defendant acquired a new estate, corresponding to that before held by Poland, and consequently became a tenant in common with Mrs. Chipman. The facts were presented in an amended answer after the running of the statute was complete, and though it does not expressly appear that it was filed by leave of the court, it does appear that the trial was had on this answer, and, so far as the record discloses, without objection by the plaintiffs, who will not be permitted to object for the first time in this court that the answer was not duly filed.

Judgment reversed and cause remanded, with an order to the court below to overrule the demurrer to the equitable defense and for a new trial.

We concur: Belcher, J.; Niles, J.

RHODES, J.—I concur in the opinion in respect to the equitable defense, and also in the judgment; but I dissent from the views expressed in the opinion in respect to the operation of the statute of limitations.