[No. 2,064.]

HENRY B. WILLIAMS, ADMINISTRATOR OF THE ESTATE OF EDWARD MOTT ROBINSON, DECEASED, *v.* O. P. SUTTON.

| 43 | 65 |
|----|----|
| 80 | 372 |
| 43 | 65 |
| 109 | 18 |

TENANCY IN COMMON—EFFECT OF JUDGMENT "QUARE CLAUSUM FREGIT" AGAINST ONE TENANT.—Where Woods, being the owner of a lot in San Francisco, conveyed an undivided quarter which passed to Williams, and a quarter to Hastings, and a quarter to Haskell; and afterwards Sutton, claiming title under a Colton grant, brought trespass *quare clausum fregit* against Woods, Hastings, and Haskell for alleged interference with his possession, and recovered judgment, and also obtained an injunction against their interference with his possession: *Held*, in ejectment by Williams against Sutton, that the effect of the judgment was merely to estop Woods, Hastings, and Haskell from asserting title as against Sutton, not to transfer their title to him or make him a tenant in common with Williams; and that such judgment could not prevent Williams from recovering the whole property.

RIGHT OF TENANT IN COMMON TO RECOVER ENTIRE ESTATE.—A tenant in common is seized *per mi et per tout*, and has an interest in the whole, which entitles him to the enjoyment of the entire estate as against every one except his cotenant.

JUDGMENT IN TRESPASS AGAINST ONE TENANT IN COMMON NO ESTOP-
PEL AGAINST ANOTHER.—Where a judgment in trespass *quare clausum
fregit* was recovered by Sutton against Woods, Hastings, and Haskell, who
were tenants in common with Williams: *Held*, that though Woods, Hast-
ings, and Haskell were estopped from asserting title as against Sutton, there
was no such estoppel as against Williams' claiming and recovering the
whole property.

JUDGMENT IN TRESPASS "QUARE CLAUSUM FREGIT" NO TRANSFER OF
DEFENDANT'S TITLE.—A plaintiff, who recovers in trespass *quare clausum
fregit*, does not thereby become invested with the title, or succeed to the
interest, which the defendant in such action may have had in the property.

TITLE UNDER STATUTE OF LIMITATIONS DIFFERENT FROM ESTOPPEL
UNDER JUDGMENT IN TRESPASS.—In ejectment by Williams against Sut-
ton, where it appeared that Williams was a tenant in common of the prop-
erty demanded, with Woods, Hastings, and Haskell; and that Sutton had
recovered judgment in trespass *quare clausum fregit* in reference thereto
against Woods, Hastings, and Haskell, which judgment he set up to pre-
vent Williams from recovering more than one undivided fourth: *Held*,
that the rule invoked by Sutton (that if one of several tenants in common
be under such disability as would preserve his rights under the Statute of
Limitations, this would not save the rights of his cotenants against whom
the statute had fully run), was not applicable, for the reason that the title
of a disseizor under the Statute of Limitations was a new title, correspond-
ing with that on which the disseizin operated, while Sutton acquired no new
title by disseizin or otherwise, but could simply rely upon his judgment as
concluding the defendants therein from asserting title against him.

APPEAL from the District Court of the Twelfth Judicial
District, City and County of San Francisco.

This was an action of ejectment for a fifty-vara lot at the
northeast corner of Montgomery and Lombard streets, in
the City of San Francisco. The plaintiff owned an undi-
vided one fourth of the property, but demanded possession
of the whole. The defendant set up by way of bar or estop-
pel the recovery of a judgment in 1853 in an action of tres-
pass *quare clausum fregit*, instituted by him in the Superior
Court of the City of San Francisco against I. C. Woods,
John Hastings, D. H. Haskell, and J. N. Briceland, the three
first of whom were tenants in common in the property with
the grantor of plaintiff, and claimed that by virtue of such
recovery defendant became a tenant in common with plain-

tiff, and that no recovery in the action could be had against him.

It appeared that on June 20th, 1851, I. C. Woods was the owner of the fifty-vara lot in controversy, deriving his title under a grant to Jacob D. Hoppe, by Alcalde Leavenworth, on March 23d, 1848.   On January 29th, 1853, Woods conveyed an undivided one fourth of the lot to Flint, Peabody & Co., which passed to plaintiff.   Woods conveyed another undivided fourth to Hastings, and another fourth to Haskell. The defendant held and claimed under a grant by Justice of the Peace Colton, dated December 18th, 1849.   It further appeared that in 1853, and while defendant claimed to be in possession, Woods, Hastings, Haskell, and Briceland entered and began excavating and carrying away ground from a portion of the lot for the purpose of filling up other lots in the vicinity.   Sutton thereupon commenced the suit referred to in the Superior Court against them, and obtained a judgment therein for fifteen dollars damages sustained by reason of their trespasses; and the same judgment proceeded to enjoin them from any further excavations, or from in any manner interfering with Sutton's possession of the property.

The Court below seems to have regarded the record in *Sutton* v. *Woods et als.* as operating as an estoppel so far as three fourths of the property was concerned, and rendered judgment in favor of the plaintiff for the possession of only an undivided fourth, and costs.   The plaintiff, being dissatisfied therewith, appealed from the judgment.

*J. G. McCullough* and *John T. Doyle*, for Appellant.

The judgment in *Sutton* v. *Woods* works no estoppel upon this plaintiff in favor of this defendant.   The plaintiff was not a party to that proceeding, nor does he claim under any of the parties to it as such.   His title passed out of Woods before that action was commenced, and is, therefore, entirely independent of the parties to that action.   Assuming then

that Woods and his other grantees are estopped by the judgment in the suit against them, still plaintiff and his grantors not being parties or privies to that record, it cannot be used against them for any purpose whatever. It could not be used either in bar or as evidence, because the parties are not the same. As evidence it does not go beyond proving that in a certain action between himself and Woods and others it was adjudged that Sutton had a better title then to the lands than Woods and others; but the judgment did not give title to Sutton in fee simple or otherwise, nor did it constitute him a cotenant of Flint, Peabody & Co.

The plaintiff, being the owner in fee of the undivided one fourth of the premises and not in any manner affected by the alleged judgment, is entitled to recover the demanded premises entire as against all persons, except his cotenants and persons holding under them. (*Hardy* v. *Johnson*, 1 Wallace, 371; *Treat* v. *Riley*, 35 Cal. 129.) The defendant does not come within either class. It may, however, be claimed that as we have brought ejectment, which goes to the question of the right of possession, it is a sufficient answer if defendant shows that Woods, Hastings, and Haskell were entitled to the possession, and that he obtained judgment against them to the effect that his right of possession was better than theirs, on the ground that as we could not oust them we cannot oust him. But this argument is fallacious. Sutton does not claim *under* Woods, Hastings, and Haskell, but *against* them. (*Satterlee* v. *Bliss*, 36 Cal. 489.) The judgment relied on might in a proper case prove that Sutton has a better title to the land than Woods and others whenever *they* sue him; but it cannot prove that he has a better or as good a title as the plaintiff.

*Winans & Patterson,* for Respondent.

The plaintiff, while he concedes that on his own behalf he is only entitled to the fourth interest in the lot which the

Court below awarded to him, seeks, by appeal, to recover the whole lot, on the ground that as tenant in common, if he obtains judgment at all, he is entitled to be let into possession of the whole on behalf of his cotenants as well as himself. He ignores the doctrine that Woods, Hastings, and Haskell are barred or estopped as to their three fourths ownership in the lot by the former adjudication, and claims that if they were, the proceedings were irregular and do not amount to an estoppel.

The former adjudication in the Superior Court was an estoppel and a bar to the recovery by plaintiff of the three quarter interests of Woods, Hastings, and Haskell. It put in issue and determined the very title here in controversy. Sutton then averred and relied on title in himself, and Woods, Hastings, and Haskell denied his title and set up ownership in themselves under the very title upon which the plaintiff founds his present suit. The judgment was in his favor and against them on the question of title; and it materially strengthens his case that a perpetual injunction was also awarded against Woods and his cotenants there defending from interfering with the premises or in any manner disturbing Sutton or those holding under him in the possession thereof.

Again, the judgment was conclusive upon plaintiff and his grantors as an estoppel, because a former recovery settles every question which was adjudicated, or which might have been adjudicated in the case. The plaintiff, so far as the three quarters formerly belonging to Woods, Hastings, and Haskell are concerned, stands in their shoes advocating their claims, and whatever defense would conclude them would be valid against him. He would, in short, be to all intents and purposes a party, and, therefore, directly within the application of the rule. It is plain that if plaintiff could recover for his coöwners their three fourths, they in turn could recover the same interest from him if he refused to let them

into possession, and thus by this circuitous mode of proceeding they could gain from the defendant, Sutton, that which the law denies their right to have.

The theory that a party who proves himself a tenant in common can recover the entire possession of the land in which he has but a partial interest, because he represents his cotenants and may enter for them as well as himself, is overruled here by still another maxim of the law than that above referred to, viz: that when the reason upon which a legal principle is founded ceases to exist the principle itself must fall. *Cessante ratione cessat ipsa lex.* Furthermore, the doctrine that one tenant in common may recover the whole is only applicable when the defendant in possession is a wrongdoer as against *all* the tenants in common. (*Collier* v. *Corbett*, 15 Cal. 183; *Clark* v. *Huber*, 20 Cal. 196; *Hart* v. *Robertson*, 21 Cal. 346.) Hence, if the defendant could defeat the other tenants in common, either by adverse possession or a former adjudication, the plaintiff can only recover his proportion.

Again, defendant, who has been in the actual adverse possession of the whole lot for ten years and more, holding it in express hostility to the claim of Woods, Hastings, and Haskell, has acquired thereby a title to the three quarters interest which is sued for, on their behalf, by plaintiff. Hence the judgment in this cause could only lawfully be that which was rendered, that plaintiff be let into possession of an undivided one quarter interest in the premises as tenant in common with defendant. Plaintiff can only recover for himself, because the theory on which he claims a right to recover the share of his cotenants Woods, Hastings, and Haskell, is negatived or overruled by the fact that their rights are barred by the statute and defeated by the adverse holding of defendant. (*Wade* v. *Johnson*, 5 Humph. 117; *Langdon* v. *Rowlston*, 2 Taunt. 46; *Pendergrast* v. *Gullatt*, 10 Geo. 218; *Jordon* v. *Thornton*, 7 Geo. 517; *Bowyer* v. *Judge*, 11 East. 287.)

By the Court, CROCKETT, J.:

The plaintiff deraigns title to one undivided fourth of the premises in controversy under a valid alcalde grant, and is entitled to recover the possession of the whole property as against the defendant, who has shown no title, unless the judgment in the case of *Sutton* v. *Woods et al.* shall have the effect to limit his recovery to the one undivided fourth only. Neither the plaintiff or his grantors were parties to that action, or in privity with the defendants therein; and it is conceded that *his* rights are unaffected by the judgment. But it is said that Woods, Hastings, and Haskell, the defendants in the former action, who were then cotenants in common with the plaintiff's grantors, are concluded by the judgment, and are estopped thereby from setting up title or a right to the possession, as against the present defendant, who was the plaintiff in that action; and hence that the present plaintiff is not entitled to recover the possession of the three undivided fourths formerly claimed by them, and to which it has been argued the present defendant has the better title, as against Woods, Hastings, and Haskell. But one of the incidents of a tenancy in common holding the title, is that each of the cotenants is entitled to the exclusive possession of the entire property, as against the whole world, except his cotenants. A person without title and wrongfully in the possession, cannot gainsay the right of each of the tenants in common to the possession of the whole. As between tenants in common and a trespasser, each tenant in common is better entitled to the possession than a wrongdoer. The former is seized *per mi et per tout,* and has an interest in the whole, which entitles him to the enjoyment of the entire estate as against every one except his cotenants. Is the defendant a cotenant with the plaintiff? If so he must have acquired that *status* by means of the judgment in the former action, in which it was adjudged that as between him and

Woods, Hastings, and Haskell he had the better title and the better right to the possession. But he did not thereby become vested with their title or succeed to their interest in the property. On the contrary the Court decided that they had no title, and left Sutton in possession under such claim of title as he had under the Colton grant. The judgment added nothing to his former title, but left it as it was before; and the point decided was that his was better than the title of his adversaries. I do not comprehend how all this can have the effect to convert the defendant into a tenant in common with the plaintiff's grantors, who were not parties to the action, and were unaffected by the judgment. Notwithstanding the judgment, the defendant, so far as it concerns the plaintiff and his rights, is as much a trespasser now as when he first entered on the lot; and I am not aware of any exception to the rule that as against a trespasser one of several tenants in common is entitled to the possession of the entire property. The judgment, it is true, estops Woods, Hastings, and Haskell from asserting title as against the defendant. But they are not asserting it in this action, nor are their rights in question here. On the contrary the plaintiff is entitled to the possession of the whole property, not on the strength of their title or right of possession, but of his own as one of several tenants in common, having a better right as such to the entire property than a mere intruder without title. Nor can it be doubted that the plaintiff and Woods, Hastings, and Haskell are still tenants in common notwithstanding the judgment in the former action. As already stated the judgment did not have the effect to divest whatever title the defendants in that action had, nor to transfer it to Sutton, and consequently did not disturb the relation of tenancy in common before then existing between them and the plaintiff's grantors. The only effect of the judgment was to estop the defendants therein from asserting the title which they claimed against Sutton, the present defend-

ant, and the Court did not attempt to interfere with the relation of a tenancy in common then existing between them and the plaintiff's grantors. No question of that kind was before the Court, and of course it had no power to deal with it, if it had attempted to do so. As between the several tenants in common their relations towards each other were therefore wholly unaffected by the judgment. But it is said that if one of several tenants in common be under such disability as will preserve his rights under the Statute of Limitations, this will not save the rights of his cotenants against whom the statute has fully run; and this rule of law is invoked to maintain the proposition urged in this case that if Woods, Hastings, and Haskell are estopped by the judgment, the plaintiff is entitled to the possession of his separate undivided interest only, and no more. But whilst fully admitting the soundness of the rule, I think it has no application to this case. The rule itself is founded on the proposition that when the statute has fully run, and has become effectual to bar an adverse title, the disseizor acquires a new title founded on disseizin. He does not acquire or succeed to the title and estate of the disseizee, but is vested with a new title and estate, founded on and springing from the disseizin; and the title of the disseizee, if not wholly extinguished, has at least become inoperative in law, and is without a remedy to enforce it. (*Arrington* v. *Liscom,* 34 Cal. 381, and authorities there cited.) The new title thus acquired by the disseizor must of necessity correspond with that on which the disseizin operated, as he could not acquire by disseizin a greater estate than that held by the disseizee. If the latter held only an undivided interest as tenant in common with another, the disseizor would acquire by disseizin a similar undivided interest; for it was only that on which the disseizin operated and took effect. The disseizor

of one of several tenants in common acquiring a title by disseizin therefore becomes himself a tenant in common with the other cotenants; and hence in an action by one or more of them against him for the possession, the recovery is limited to the particular interest of the plaintiff, and does not include the whole property. But the reason on which the rule is founded has no application to this case. The defendant here has acquired no new title by disseizin or otherwise, but simply relies on the former judgment as concluding the defendants therein from the assertion of title as against him. But he is not a tenant in common with the plaintiff, as against whom he has neither title or right of possession, and therefore does not come within the reason of the rule which he has invoked. Not being entitled to the possession of any portion of the premises, as against the plaintiff, it does not concern him to inquire what may be the effect of restoring the possession to the plaintiff, as between him and Woods, Hastings, and Haskell. If the technical bar of the former judgment shall thus be practically avoided as to them, no injustice will result therefrom, inasmuch as it now appears that for more than twenty years the defendant has been wrongfully in possession without title.

In my opinion the judgment ought to be reversed, and a new trial awarded.

Mr. Justice WALLACE, being disqualified, did not sit in this case.