[No. 3474.]

WILLIAM W. CHIPMAN AND CAROLINE E. CHIPMAN *v.* SAMUEL A. HASTINGS.

EQUITABLE DEFENSE IN EJECTMENT.—If the defendant in ejectment has a perfect legal title, he need not go into equity to assert it.

CONFIRMATION OF LAND GRANTS IN CALIFORNIA.—By the act of Congress of 1851, " to ascertain and settle private land claims in California," the duty was not imposed on the Commissioner or the United States Courts, to determine the precise character of the claims presented for confirmation, but to determine whether claims should be declared valid under the treaty of Guadalupe Hidalgo, the law of nations, and the laws, usages and customs of the government from which the claim was derived.

RECOVERY BY TENANT IN COMMON IN EJECTMENT.—If the plaintiff in eject-
ment is a tenant in common in the demanded premises, along with
persons other than the defendant, and the defendant tortiously enters
upon the premises and ousts him, the plaintiff is entitled to recover the
whole of the premises.

IDEM.—If one tenant in common in the demanded premises brings ejectment
against a defendant who entered without title, the fact that the defend-
ant has acquired, by adverse possession, the title of the tenants in com-
mon who are not made parties plaintiff, does not preclude the plaintiff
from recovering the whole of the premises.

APPEAL from the District Court, Third Judicial District,
County of Alameda.

Ejectment commenced April 15, 1868, for a tract of about
five acres of land, being portion of the Rancho San Antonio,
granted to Luis Peralta by the Mexican government about
the year 1820. The defendant, in his answer, averred that
the interest of the plaintiffs, if any they had, was an undi-
vided interest, which did not exceed four-fourteenths, and
that the persons who claimed to own the remaining undi-
vided interest had been, by the defendant, debarred of their
possession for more than five years since the passage of
the act entitled "An act to amend an act entitled an
act defining the time for commencing civil actions, passed
April 21, 1850, approved April 18, 1863." The answer
was filed October 19, 1870. The answer was, in effect,
a plea of the Statute of Limitations as against the ten-
ants in common of the plaintiff. For an equitable de-
fense, the defendant answered that the demanded premises
were a portion of the Rancho of San Antonio, granted
by the Mexican nation to Luis Peralta about the year
1820; that said Peralta departed this life about August,
1851, leaving four sons and four daughters, and that, at
the time of his death, he was possessed of and owned the
title to the demanded premises, as the same was granted to
him; that said Peralta left four sons and four daughters and
descendants of a deceased daughter, and that he died in-
testate and left all his property to be inherited by his said
sons and daughters and the children of a deceased daugh-
ter; that after his death a paper was filed in the Probate
Court of Santa Clara County which purported to be his last

will, but that the same was false, and that the sons procured an *ex parte* order from the court, probating the will; that the sons, without consultation with the daughters, presented to the Board of Land Commissioners a petition for the confirmation of the grant, and, claiming that they were the owners of the same, asked that it be confirmed to them, and that such proceedings were afterwards had that the Board of Land Commissioners allowed the sons to prosecute separate actions for the confirmation to each of a distinct portion of the grant, and that the Commissioners and the United States District Court, on appeal, decreed that the title of Luis Peralta was good and valid; and that the Supreme Court of the United States, on appeal, adjudged that the title granted to Luis Peralta was a perfect legal title, and that the part of the grant in which the demanded premises were situated was confirmed to one of the sons, Antonio Maria Peralta; that there had been no approved survey or patent issued; that the sons, to obtain separate confirmations, used as evidence the said pretended will; that the interest of the daughters in the demanded premises, which they inherited from their father, had become vested in the defendant, who had owned the same more than fourteen years, and had held adverse possession of the same; that the plaintiff had acquired the interest of Antonio Peralta, the son. There was a prayer that the plaintiff be adjudged to hold the interest which he acquired by the conveyance from Antonio Peralta in trust for the defendant, and that he be decreed to convey the same. The plaintiff demurred to the equitable defense and the court sustained the demurrer. The trial was before the court without a jury, and the court found that the plaintiff Caroline was the wife of her co-plaintiff, and was the owner in fee of an undivided one-half of the demanded premises, as a tenant in common with persons other than the defendant, and that, on the 15th of April, 1865, the defendant entered on the premises as a trespasser, and had ever since retained possession of the same, against the consent of the plaintiffs and their co-tenants, and gave judgment that the plaintiff recover the entire premises. The defendant appealed.

It will be observed that it appears by the equitable defense that no survey had been made of, or patent issued for, the Rancho San Antonio, so that all the title which Antonio Maria Peralta had acquired was the mere confirmation of the claim, which did not enlarge the title conferred by the grant itself. Therefore, if there was no will, and the sons and daughters inherited equally, and the defendant had acquired the title of the daughters, he had the same title to an undivided interest that the plaintiff had by the acquisition of the title of a son, and therefore did not need the aid of a court of equity.

The other facts are stated in the opinion.

*Clarke and Carpentier*, for the Appellant, argued that, although the plaintiff might have recovered when the suit was commenced, and for three days thereafter, and until April 18, 1868, yet, as since then the defendant had acquired, by the Statute of Limitations, the title of the plaintiff's co-tenants, and had pleaded it as a defense, that the plaintiff was entitled to judgment for only the undivided one-half of the demanded premises which she owned, and that, although the defendant was a trespasser when the action was commenced, yet he ceased to be so before he filed his answer, because the co-tenants of the plaintiff had not stayed the running of the statute by bringing suit.

*Wm. W. Chipman*, for the Respondent.

By the COURT:

The demurrer to the "equitable defense," so called, was properly sustained.

First. If the defendant had a "perfect legal title," he would have a defense to the ejectment at law, and need not go into equity to assert it. But the answer does not allege that Luis Peralta (from whom defendant deraigns), had "a perfect legal title in fee," but only that the Supreme Court of the United States had so decided in proceedings to obtain confirmation of the grant under the act of 1851, "to ascertain and settle private land claims in California." By

that act the duty was not imposed on the Commission or the United States Courts to determine the precise character of the titles presented, but to determine whether claims should be declared valid; reference being had to "the treaty of Guadalupe Hidalgo, the law of nations, the laws, usages and customs of the government from which the claim was derived," etc. (Section 11.)

The court below found that the plaintiff Caroline is the owner in fee of an undivided half of the premises as a tenant in common with persons other than the defendant, and held that, as such tenant in common, she was entitled to the possession of the whole of the premises as against all persons having no title, and that the defendant tortiously entered upon the premises and ousted her. Upon these facts the judgment was correctly entered below that she recover the whole of the premises. The complaint alleged that the plaintiffs were seized in fee of the whole of the premises; the answer, after stating that "the interest of the plaintiffs, if any they have," * * * "is an undivided interest, and does not exceed an undivided four-fourteenths of said premises," alleges that "all the persons who, as tenants in common with plaintiff, owned or claimed to own the fee in the remaining undivided interest in said premises," * * * "have been debarred of the possession of the premises by this defendant for more than five years," etc. The answer presents no defense to the claim of the plaintiffs to recover the whole of the premises. Passing the fact that it does not directly allege that any person was a tenant in common with the plaintiff, it is apparent that even if the defendant, by reason of his adverse possession, had acquired such a title as against all the other tenants in common, as would defeat an action brought by such other tenants in common, the latter are not parties to this action. The question as to whether their title had been defeated by such an adverse possession on the part of the defendant, can be determined only in an action to which they are parties. When the plaintiffs here commenced their action they were entitled to recover against the defendant the whole of the premises, and it is not pretended that the defendant has, since the bringing of the

action, acquired the title of the others who were tenants in common with the plaintiffs, but only by reason of a continuous adverse possession the defendant has, as against the other tenants in common, acquired a title which would enable him to successfully resist an action brought by such other tenants—a question which, as already observed, cannot be properly litigated or determined in the absence of the other tenants in common.

Judgment and order affirmed as of November 10, 1873.