## JOHN T. READ v. M. A. R. ALLEN.

(Case No. 1398.)

1. SUIT AGAINST TENANT — EFFECT OF AS TO LANDLORD — LIMITA-
TION — PART OWNERS.— In an action of trespass to try title the de-
fendant set up a previous judgment obtained against the tenant of
the present plaintiff, and claimed that the same was conclusive
against him.  *Held,*

(1) That notwithstanding articles 4789 and 4790 of the Revised
Statutes, directing that where the premises are occupied the person
in possession shall be the defendant, and, where that person is a
tenant, authorizing the landland to make himself a party or be
made a party on motion of the tenant, yet where the landlord is
not a party, and has no notice of the pendency of the suit, he is
not bound.

(2) The petition and judgment in such previous suit against a
tenant are inadmissible as evidence to defend the action by the
landlord; to treat them as conclusive against the plaintiff in such
action is error sufficient for reversal.

(3) That such previous suit stopped the running of the statute of
limitations in favor of the landlord as to an undivided half interest
sued for; but this did not apply to the remainder, to which no
claim was there made.

(4) Where the landlord's possession has been sufficient to give
him title by limitation as against any other part owner than the
plaintiff in the previous suit, it is error to award to that plaintiff
exclusive possession of the entire premises.

(5) It seems that though such possession be insufficient to give title
by limitation, it may be sufficient to protect the party from being
ejected as a mere trespasser by a part owner suing only in his own
behalf.

APPEAL from Houston.  Tried below before the Hon.
John R. Kennard.

*J. R. Burnett,* for appellant.

I.  The court erred in admitting in evidence, over the
objections of appellant, the certified copy of a judgment
by default rendered in the United States circuit court at
Tyler, in May, 1880, in favor of appellee and against her
co-defendant Caffey and others for the John Welsh league

of land, embracing the land in controversy, because appellant had no notice of the suit in which said judgment was rendered, and was no party or privy thereto.

II. A judgment by default in an action of trespass to try title, against a tenant in possession, but without notice to the landlord, is not conclusive evidence of an adjudication *of the title* against the landlord. R. S., art. 4811; Texas Land Co. *v.* Turman, 53 Tex., 619; Morrison *v.* Loftin, 44 Tex., 17; see also 44 Tex., 24; Laird *v.* Winters, 27 Tex., 440; Peck *v.* Hardy, 20 Tex., 673; Scott *v.* Rhea, 5 Tex., 260, and S. C., 21 Tex., 708; Wells on Res Adjudicata, pp. 67–69; Freeman on Judgments, secs. 185, 186, 169.

III. The court erred in rendering judgment for appellee for the whole of the land, when she showed no title except to an undivided half interest; and the judgment is unsupported by the evidence.

IV. The judgment is erroneous because appellant showed a superior legal title by limitation, and the judgment is unsupported by the evidence. Stovall *v.* Carmichael, 52 Tex., 384; Burleson *v.* Burleson, 28 Tex., 410.

V. The judgment is erroneous because appellant showed peaceable and adverse possession under title for more than ten and twenty years, and appellee's right of entry, if any, was barred, etc.

VI. Under the uncontradicted facts of possession under title, etc., legal presumption will supply the missing link in appellant's title. 2 Wharton on Ev., secs. 1338, 1347; also sec. 1352 and notes.

*Nunn & Williams*, for appellee

I. The judgment being against appellant's tenant was, even if not conclusive against appellant, evidence against him of appellee's title, and *prima facie* evidence thereof Chirac *v.* Reinecker, 2 Pet., 622; Hunter *v.* Britts, 3 Campb., 455.

II. The judgment was admissible to show a recovery of the tenant's possession and interest or term in the land, and as thus tending to show appellee's title and right of possession in this suit and to negative that of appellant.   Tyler on Eject., 77, 214–16, 682; Freeman on Judg., 300, 301; Marshall v. Shafter, 32 Cal., 176; Herman on Estop., 116.

III. The judgment was an adjudication of appellee's title in her favor against appellant's tenant, and was conclusive against appellant.   R. S., arts. 4789, 4790; Hough v. Hammond, 36 Tex., 657; Robbins v. Chicago, 4 Wall., 658; Chicago v. Robbins, 2 Black (U. S.), 418; Boston v. Worthington, 10 Gray, 496; Inhabitants v. Holbrook, 9 Allen, 17; Bigelow on Estop., 47; 1 Greenleaf, 523, 535; Freeman on Judgments, 171; Hunter v. Britts, 3 Campb., 455.

IV. The court did not err in rendering judgment in appellee's favor for the whole land, because appellee failed to show title to any portion of it, and appellant being owner of an undivided half interest, was entitled to the possession of the whole against him.   52 Tex., 389, and authorities there cited; Hardy v. Johnson, 1 Wall., 371; Williams v. Sutton, 43 Cal., 71; Freeman on Judgments, 300; Marshall v. Shafter, 32 Cal., 176.

V. Appellant's possession prior to the suit in the federal court was not sufficient evidence of title on which to recover in this suit against appellee, because adjudged in that suit in her favor to be that of a trespasser, and on that ground recovered by her from his tenant.   Williams v. Sutton, 43 Cal., 71; Hardy v. Johnson, 1 Wall., 371; Freeman on Judgments, 300; Marshall v. Shafter, supra.

GOULD, CHIEF JUSTICE.—This is an action of trespass to try title, brought by Read, August 5, 1880, against Mrs. Allen and Joseph Caffey.   The petition alleged that Caffey went into possession of the one hundred and sixty

and one-half acres of land sued for, as tenant for plaintiff Read for the year 1880; that Mrs. Allen set up a claim to the land, and Caffey, on July 3, 1880, had attorned to her. Caffey disclaimed, except as tenant for Mrs. Allen, and the latter filed only the plea of not guilty. The case was tried without a jury, and judgment was rendered against plaintiff and in favor of Mrs. Allen for the possession of the entire tract of land.

The leading question in the case grows out of the admission in evidence of a certified copy of a judgment by default for the John Welsh league of land, of which the land in controversy was a part, rendered in the United States circuit court at Tyler in May, 1880, in a suit brought by Mrs. Allen, March 25, 1880, against Caffey and numerous other parties defendants, not including, however, plaintiff Read. The petition in that case alleged that Mrs. Allen owned the undivided half of the league; that the parties made defendants were trespassers thereon, and prayed judgment for the title and possession of the league. On May 14th the judgment adduced in evidence shows that the case was dismissed as to many of the defendants, and judgment by default for the recovery of the league rendered against Caffey and others. It appears by bill of exceptions that copies of this judgment, and the petition on which it was based, were offered in evidence "for the purpose of showing that the question of the title to the land in this suit, being a part of the said league, had been adjudicated in said suit against plaintiff, and he was concluded by said judgment, and as evidence of defendant Allen's title to the land against plaintiff."

Amongst other objections to the admission of this evidence, it was urged that plaintiff was no party or privy to said suit, and it was not shown or offered to be shown that plaintiff had any notice of said suit. The court overruled this objection, and we think it apparent from the bill of exceptions that this judgment by default

against Caffey was regarded as conclusively establishing Mrs. Allen's title as against Caffey's landlord, Read, and as authorizing the judgment rendered in this case.

Unless it appears that the "landlord was notified of the pendency of the action, and had an opportunity to defend," he is not "barred or estopped" by a judgment evicting his tenant.   Freeman on Judgments, secs. 185, 169; Wells on Res Adjudicata, secs. 75, 76, 58, and authorities cited by these authors.

Counsel for appellee submit the proposition that "the judgment was an adjudication of appellee's title, in her favor, against appellant's tenant, and was conclusive against appellant," referring to the statute directing, in the action of trespass to try title, when the premises are occupied, that the person in possession shall be the defendant, and, where that person is a tenant, authorizing the landlord to make himself a party, or to be made a party on motion of the tenant.   R. S., arts. 4789, 4790.   We see nothing in these provisions, nor in so far as we have examined the authorities cited by appellee do we find any, tending to establish his proposition.   See Chirac v. Reinecker, 2 Pet., 617;   Chirac v. Reinecker, 11 Wheat., 200;   Rollins v. Chicago, 4 Wall., 657–672;   1 Greenl., sec. 535;   3 Washburn on Real Prop., ch. 11, sec. 7, par. 19.

If the landlord becomes regularly a party to the suit, he is of course bound like any other party.   But where the suit is against the tenant alone, and it is not pretended that the landlord had any notice or knowledge of the fact, it would seem plain that in no legal sense is he a party so as to be bound by the judgment.   Wait's Actions and Defenses, vol. 3, pp. 125–6, and cases there cited. Holding possession by his tenant, that possession ceases to be peaceable when the tenant is sued.   A claimant of land who brings his action against the party whom he finds in possession thereby stops the running of limitation in favor of that party's landlord.   There is such privity

between the tenant and landlord, that, for the purpose of stopping limitation, the suit against the tenant is as effectual as if brought against the landlord also. When so sued, the tenant should give notice to his landlord; but if he neglect to do so, and, no notice to the landlord appearing, the suit proceeds to judgment against the tenant alone, that judgment is not conclusive against the landlord. Hough v. Hammond, 36 Tex., 657. For the purpose for which they were offered, the petition and judgment against Caffey were inadmissible in evidence; and as it is apparent from the bill of exceptions that the judgment was admitted by the court as conclusive of the issue of title, the error must lead to a reversal of the judgment in the present cause.

Appellant also claims that, on the trial, he showed a superior title by limitation, and that for this reason the judgment is erroneous. We think it apparent that the court below, regarding the judgment against Caffey as conclusive, passed on no other question. Looking to a future trial, we will remark that as the running of limitation was stopped by the suit against Caffey, the record does not show peaceable possession for ten years. From the brief of appellant it does not appear whether he relied on title by limitation under the statute of five years or not, and we do not feel called on to examine the question of plaintiff's right under that statute.

On the trial Mrs. Allen showed no title except to an undivided half interest in the John Welsh league. The plaintiff claimed under deed covering the tract sued for, connecting back with a deed from J. R. Melton to S. Melton in 1854, but failing to show any title from the grantee, John Welsh. He showed possession of himself and vendors, including his father and immediate vendor, R. N. Read, extending back as far as 1867, and acts of possession reaching back as far as 1858 or 1859. He had followed up his suit against Mrs. Allen and Caffey by suing

out a writ of sequestration, under which he himself re-plevied and obtained possession.    By the judgment of the court a writ of possession was awarded to Mrs. Allen for said premises.    It is to be noted that Mrs. Allen, in her suit in the United States circuit court, claimed only one undivided half interest in the league, and that the suit was not instituted in behalf of the owner or owners of the other half interest.    This suit did not stop the run-ning of limitation in favor of Read or against others than Mrs. Allen.    Stovall v. Carmichael, 52 Tex., 383.

Unless there was a gap in Read's possession occasioned by the failure of a tenant in 1878 or 1879 to cultivate and remain on the premises, it would seem that, as against any part owner of the premises save Mrs. Allen, his title by lim-itation was apparently complete, and sufficient at least to entitle him to the benefit of the presumption, as against her right as part owner to possession of the entire prem-ises, that he was not a mere trespasser or stranger, but was himself the owner of the other undivided half.    If so, it was error to award Mrs. Allen possession.of the entire premises.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 31, 1882.]