[No. 11932. In Bank.—September 3, 1889.]

## B. B. NEWMAN ET AL., RESPONDENTS, *v.* BANK OF CALIFORNIA ET AL., APPELLANTS.

EJECTMENT — RECOVERY BY TENANT IN COMMON — EFFECT AS TO POSSESSION OF CO-TENANTS — RELATION — ADVERSE POSSESSION. — If one of several tenants in common recover judgment in ejectment against an adverse claimant of the premises, the judgment determines the right of possession of the whole premises, and the recovery of possession under the judgment relates to the commencement of the action, so that in contemplation of law the plaintiff must be considered as in possession of the whole premises as of that date; and the effect of the recovery inures to the benefit of other co-tenants not suing, so as to prevent the acquisition of title by adverse possession as against them pending the action.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*George A. Nourse*, for Appellants.

Since Chapman's entry under the judgment availed him by relation as of the time of the commencement of the action, the same benefit must accrue to his co-tenants, since the acts and entry of one co-tenant inure to the benefit of all. (*Baker* v. *Whiting*, 3 Sum. 485; *Ford* v. *Gray*, Salk. 285; *Smales* v. *Dale*, Hob. 120; *Doe* v. *Keen*, 7 Term Rep. 386; *Gilkey* v. *Peeler*, 22 Tex. 663; *Knox* v. *Silloway*, 10 Me. 201; *Young* v. *Adams*, 14 B. Mon. 127; 58 Am. Dec. 654; *Villard* v. *Robert*, 1 Strob. Eq. 393; 49 Am. Dec. 654; *Van Valkenburgh* v. *Huff*, 1 Nev. 142.)

*T. M. Osmont*, for Respondent Quinn.

Quinn's title by adverse possession acquired against the appellants is of the same dignity as if acquired by conveyance in fee, and is not impaired by eviction. (*Arrington* v. *Liscom*, 34 Cal. 365; 94 Am. Dec. 722; *Cannon* v. *Stockmon*, 36 Cal. 540; 95 Am. Dec. 205; *Olney* v. *Sawyer*, 54 Cal. 379.) The doctrine of relation is a fiction of law, to be applied solely for the purposes of justice for the protection of persons who stand in privity with the party initiating the proceedings. (*Gibson* v. *Chouteau*, 13 Wall. 100, 101.) There is no privity between one tenant in common and his co-tenants, and a suit brought by one cannot prevent limitation running against the others, and a recovery affects only the plaintiff's interest in the property.

WORKS, J.—The appellants and one Chapman were the owners as tenants in common of the real estate in controversy. The respondent Quinn was in possession, claiming to be the owner of the whole of the property, and holding the same adversely. Before the statute of

limitations had run, Chapman brought his action against Quinn, alleging that he, Chapman, was the owner of the undivided one half of the property; that Quinn was in possession thereof without right, and had no right, title, or interest therein, and asking for the possession of the whole of the property.

The court below found the facts as alleged in the complaint, and rendered judgment in favor of Chapman that he was the owner of the undivided half of the property; that Quinn had no right, title, or interest in any part thereof, and that Chapman recover possession of the whole of the property.

Quinn appealed to this court, and the judgment was affirmed. (*Chapman* v. *Quinn*, 56 Cal. 266.) He then appealed to the supreme court of the United States, with the same result. (*Quinn* v. *Chapman*, 111 U. S. 445.)

Upon the final determination of the case, a writ of possession was issued upon the judgment, and Quinn was ousted, and Chapman put in possession of the land.

Between the time of the bringing of Chapman's suit and his being put into actual possession under the writ, the time necessary to give Quinn title by adverse possession if undisturbed, as against the appellant, had fully run.

The sole question presented here is, whether the bringing of the action by Chapman, one of the tenants in common, in the manner above stated, and his recovery of the possession, had the effect to prevent the possession of Quinn ripening into a title to the property as against the appellants, the other tenants in common.

Counsel for respondents contends that there is no privity between tenants in common, and that the commencement of an action by one cannot inure to the benefit of another, as against the statute of limitations, and that a judgment recovered by him affects his interest in the property alone.

In support of these propositions, he cites *Chipman* v.

*Hastings*, opinion of this court, December 8, 1873, unreported; *Reed* v. *Allen*, 56 Tex. 176, 182; *Stovall* v. *Carmichael*, 52 Tex. 383; *Burleson* v. *Burleson*, 28 Tex. 385, 417; *Pendergast* v. *Gallatt*, 10 Ga. 224; *McFarland* v. *Stone*, 17 Vt. 175; 44 Am. Dec. 325; *Wade* v. *Johnson*, 5 Humph. 118; 42 Am. Dec. 422; *Bronson* v. *Adams*, 10 Ohio, 135; *Gray* v. *Givens*, 26 Mo. 303; *Doolittle* v. *Blakesley*, 4 Day, 273; 4 Am. Dec. 218; *Hammitt* v. *Blunt*, 1 Swan, 385; *Walker* v. *Perryman*, 23 Ga. 309, 315; *Mohley* v. *Bruner*, 59 Pa. St. 481; *Bennett* v. *Hethington*, 16 Serg. & R. 196; *Roe* v. *Rowlson*, 2 Taunt. 446.

It is contended that the unreported case of *Chipman* v. *Hastings* is conclusive of the question in favor of the respondents; and so it would be but for the fact that a rehearing was granted in the case, and upon a second hearing the question was not decided, or in effect decided the other way. (*Chipman* v. *Hastings*, 50 Cal. 310.)

Counsel for appellants concedes that the judgment recovered by Chapman did not inure to the benefit of his clients, but contends that as he finally recovered possession, such possession related back to the time of bringing his action; and under the well-established rule that the possession of one tenant in common is the possession of all, the appellants must be regarded as having been in possession, and the respondent Quinn to have been ousted at the time such action was commenced.

We think the learned counsel for appellants has conceded too much. If the judgment of Chapman did not inure to the benefit of the appellants, their title is undoubtedly lost by adverse possession. It is only by the aid of such judgment that his position that Quinn was in contemplation of law out of possession from the time the action was commenced can be maintained.

The complaint of Chapman against Quinn presented two questions for litigation, viz., the title to the undivided half of the property, and the right to the possession of the whole thereof. Quinn might have defeated the action

entirely by proving that Chapman had no title to the property. He might have defeated a recovery of the undivided half of the land not claimed by Chapman, by showing that he, Quinn, was the owner, or entitled to the possession of the same. He did neither. Therefore the judgment in that case is, as between him and Chapman, conclusive against him that he was a mere trespasser upon the land at the time the action was commenced, and that Chapman, as one of the tenants in common of the property, was *then* entitled, as against him, to the possession of the whole thereof. If Chapman had, as such tenant in common, gone into the actual possession at that time, his possession would have been that of all of the owners, and they would, in contemplation of law, have been in possession. Did his recovery of possession under the circumstances have the same effect? One tenant in common may maintain a separate action to recover possession of his interest in the property. In such case, his title and right to possession alone is involved, and the judgment cannot operate for or against the other owners. (*Williams* v. *Sutton*, 43 Cal. 71; *Walker* v. *Perryman*, 23 Ga. 309.) But such tenant may maintain an action against a mere trespasser for the possession of the whole of the property. (*Williams* v. *Sutton, supra; Chipman* v. *Hastings*, 50 Cal. 310.)

The right to recover the whole might have been defeated by a showing that *at the time the suit was brought* the defendant had acquired the title of the other owners by deed, estoppel, the statute of limitations, or otherwise, as one tenant in common may be barred of his rights, and another not. (*McFarland* v. *Stone*, 17 Vt. 173; 44 Am. Dec. 325; *Bronson* v. *Adams*, 10 Ohio, 136.

It may be conceded, also, though we do not decide it, that, as to any claim of title existing *at the time the suit was commenced* against those defendants not suing, the defendant in that action was not concluded, as between him and the tenants not suing.

But the question here is quite a different one. Can he obtain title by possession *subsequent to the bringing of the action,* when the right to such possession, not only as to a part but as to the whole of the land, is put in issue in the case, and finally determined against him? We are quite clear that he cannot. As between him and Chapman, the judgment. determines that he was, from the time the action was commenced, in the wrongful possession of the property, and, as between them, this question of the right to such possession relates to the time the suit was brought, and from that time, as between them, his possession conferred no title. The effect of the judgment, and the enforcement thereof by the writ of possession, was to make Quinn's possession of the whole tract the possession of Chapman from the time the action was commenced. If not, Quinn could have resisted the enforcement of the writ by saying, "I had no title to the undivided half of the property not claimed by you when you recovered your judgment, but I have since obtained it by remaining in possession; therefore, you are not *now* entitled to the possession of that half, but only to the possession jointly with me as your tenant in common." This he certainly could not do as against Chapman.

Now, if, in contemplation of law, Chapman was *in* possession from the time he commenced his action, for the same reason Quinn must be regarded as *out* of possession. Chapman's possession was the possession of the appellants. (*Unger* v. *Mooney,* 63 Cal. 568; 49 Am. Rep. 100; *Olney* v. *Sawyer,* 54 Cal. 380.)

Therefore, they were in possession, and the statute of limitations could not run against them.

So far the judgment of Chapman, and subsequent proceedings under it, inured to the benefit of the appellants and preserved their title.

While the cases cited by the respondent support the general doctrine that a judgment for or against one

tenant in common does not affect the rights of his co-tenants, they do not reach the question presented here. Some of the language used may be so construed as, in general terms, to cover the question under consideration, but they do not determine it.

In some of the cases the doctrine that a judgment recovered by one tenant in common does not inure to the benefit of another is placed upon the express ground that he cannot recover the possession of the whole property, but only his own undivided share. (*Mobley* v. *Buncr*, 59 Pa. St. 483; 98 Am. Dec. 360; *Bennett* v. *Hethington*, 16 Serg. & R. 196; *Gray* v. *Givens*, 26 Mo. 291, 302.)

The conclusion reached must necessarily follow from such a rule, as the right of possession as to the interest of other owners is not involved or determined. But, as we have seen, the rule is the other way in this state.

In some of the cases cited the right of one tenant in common to recover the whole of the land from a mere trespasser is recognized, and those cases tend to confirm the conclusion we have reached, but are not decisive of the question. (*Reed* v. *Allen*, 56 Tex. 176, 182; *Reed* v. *Allen*, 56 Tex. 182, 190; *Stovall* v. *Carmichael*, 52 Tex. 388; *Pendergast* v. *Gullatt*, 10 Ga. 218, 224; *McFarland* v. *Stone*, 17 Vt. 165, 175; 44 Am. Dec. 325.)

For the reasons stated, we think the court below erred in holding the respondent Quinn to be the owner of the undivided half of the land.

Judgment reversed, with instructions to the court below to modify its conclusions of law in accordance with this opinion, and to render judgment on the findings in favor of the appellants.

Beatty, C. J., Fox, J., McFarland, J., Sharpstein, J., concurred.

Thornton, J., dissented.

Rehearing denied.