KEEFE, RESPONDENT, v. DORELAND ET AL., APPELLANTS.

[Submitted March 1, 1895.  Decided April 8, 1895.]

CONTRACTS—*Parol evidence to vary contract.*—In a bond for title to an undivided interest in a mining claim, a provision that one-sixth of the net proceeds of all shipments of ore should be paid by the vendees to the vendor. to be applied on the agreed purchase price for such undivided interest in the mining claim, is wholly free from ambiguity, and the agreement cannot be varied or added to by parole evidence that, according to a custom among miners, all the expenses of [mining, as well as the expense of shipping the ore, should be deducted before payments to the vendor.

EJECTMENT—*Judgment in action of.*—In an action of ejectment to recover an undivided interest in a mining claim, a judgment in favor of the plaintiff should be for the possession of such undivided interest, and not for that of the whole mining claim. (*Hopkins* v. *Noyes,* 4 Mont. 550, cited.)

*Appeal from Third Judicial District, Deer Lodge County.*

EJECTMENT to recover possession of a mining claim. Judgment was rendered for the plaintiff below by DURFEE, J. Affirmed and modified.

Statement of the case by the justice delivering the opinion.

This is an action of ejectment brought to recover possession of the George mining claim, in Deer Lodge county, and for damages for rents and the wrongful withholding of the possession thereof.

The answer denies the allegations of the complaint, except that it admits the plaintiff to be the owner of the undivided one-third of the mining claim in controversy, as a tenant in common therein with one G. W. Brownell and one. Charles Jaeckel. In the answer it is alleged, as an affirmative defense, that on the thirteenth day of October, 1890, plaintiff executed and delivered to defendants G. W., E. A. and J. F. Doreland, and W. M. Foley, his agreement in writing for the sale to them of his undivided interest in the said mining claim, under which agreement said defendants were to enter upon and occupy said mining claim until the thirteenth day of October, 1892, upon which last date they were to become the owners of plain-

tiff's said interest therein, provided they complied with the conditions of purchase therein named; that said defendants entered upon said mining claim under and in pursuance of the terms of said agreement; that on the thirteenth day of April, 1891, defendants J. F. Doreland and Foley sold and assigned their interest in said agreement to defendant D. C. Fisher; that on the fourth day of August, 1891, defendant G. W. Doreland assigned his interest in said agreement to defendant J. C. English; and that since these transfers defendants English and Fisher have been in possession of said interest in said mining claim. And it is further alleged in said answer that on the thirteenth day of October, 1890, defendant G. W. Doreland entered into a like agreement with Charles Jaeckel, one of the co-owners of plaintiff in said mining claim, for the purchase of his undivided one-third interest therein; that said Doreland took possession of the one-third interest of said Jaeckel in said mining claim, under said agreement with him; that on the twenty-second day of September, 1891, said Doreland assigned an interest in his said agreement with Jaeckel to defendant J. C. English, and since said date said defendants Doreland and English have been in possession of the interest of said Jaeckel in said mining claim, under said agreement with him. A copy of the agreement entered into between plaintiff and Doreland and others is attached to the answer, as a part thereof. This agreement is a bond for title to the undivided one-third interest of the plaintiff in and to said George mining claim, upon condition that the obligees pay to plaintiff $20,000 on or before the thirteenth day of October, 1892. It also authorizes the obligees to enter upon and take possession of plaintiff's one-third interest in said mining claim and hold and mine the same until the thirteenth day of October, 1892, upon certain conditions, among which it is only necessary to mention the following: "All shipments of ore from said mine shall be made in the names of the parties hereto, and all remittances for such ore, made by the person, persons, or company to whom such shipments are made, shall be made to the

First National Bank of Anaconda, Montana, to be placed to the credit of the parties hereto, and one-sixth of the net proceeds of all such shipments of ore to be paid by said bank on demand to the said first party, and to be applied by said first party upon the price $20,000, agreed by said second parties to be paid for said mine as aforesaid, in the event of the purchase of the same by said second parties; and, should said second parties fail to pay said sum of $20,000 at the time and in the manner aforesaid, then such one-sixth interest of the net proceeds of such shipments to remain the property of the said first party, as consideration of the bond and lease. Should said second party make failure or default in any of the covenants contained herein, then said first party may, at his option, demand possession of said premises, and may enter thereon and remove said second parties, or any person or persons under them, from such premises, without suit or process of law, and resume possession thereof.''

In his replication, plaintiff alleges that the defendants wholly failed to comply with the above conditions of said agreement; that they have taken out ore of great value from said mine, and have failed to pay to him the one-sixth of the net proceeds of each shipment thereof; that they have converted the amount due plaintiff to their own use; that they refuse to pay the same; that by reason thereof the right of defendants to the possession of said mining claim has become forfeited; that plaintiff has demanded that the possession of said mining claim be delivered to him by said defendants; and that said defendants have refused to deliver the possession thereof to plaintiff.

The case was tried with a jury. The verdict was for the plaintiff, for possession of the premises and nine hundred dollars damages. The judgment of the court is in accordance with the verdict. From this judgment, and an order denying a new trial, this appeal is prosecuted.

*Brazelton & Scharnikow*, for Appellants.

*F. W. Cole*, for Respondent.

PEMBERTON, C. J.—At the trial of the case the defendants offered evidence to prove what construction should be given to the words, "one-sixth of the net proceeds of all shipments of ore," as used in the contract between plaintiff and themselves, as quoted above.     The defendants contended that under said contract they were entitled to deduct all the expenses of mining, as well as the expenses of shipping, the ore, before plaintiff was entitled to receive his one-sixth of the net proceeds thereof, and sought to prove by witnesses that, according to the custom of miners, said contract should be so construed.     This evidence was rejected; the court holding that the defendants could only deduct the expenses of shipping the ore, and not the expenses of mining it, and so instructed the jury. This action of the court is assigned as error.     We think there was no error in this action of the court.     The contract is not ambiguous.     It specifies what expenses the defendants could deduct from the value of the ore, and confines these expenses to the shipping of the ore.     There is a vast difference between the expenses of mining and shipping ore and the expense of merely shipping the same.     The words used are perfectly plain, and we think it would have been improper to have allowed evidence to prove that they meant something else. Parol evidence was not admissible either to change the contract, or add something to it.     This is elementary law.

It also appears from the record that the original parties to the contract put the same construction upon it that the court did, for, until the original obligees assigned their interest in the contract, they only deducted the expenses of shipping the ore, in their settlements with the plaintiff.     We think the contract is perfectly plain in its terms.     There is no ambiguity about it.     The expenses of shipping the ore are the only expenses mentioned therein that defendants were authorized to deduct from the value thereof before paying to plaintiff his one-sixth of the net proceeds.     To charge plaintiff with any part of the mining expenses would be adding something to the

contract that is not in it, and which, seemingly, was not intended to be in it by the original parties.

There are several specifications of error, attacking the action of the court in excluding testimony and giving instructions involving the construction of this agreement, but we have deemed it sufficient to treat them all as one assignment.

The defendants complain of the judgment of the court, in that it is for the possession of the whole George mining claim. The plaintiff, under his agreement with the defendants, leased or let to them his undivided one-third interest in said mining claim, and no more. This undivided one-third interest in said mining claim is the only part or interest therein that defendants bound themselves, under said agreement, to redeliver the possession of to plaintiff, in the event of their default in complying with the terms of said agreement. The possession of this undivided one-third interest was the only part or interest in said mining claim that plaintiff had the right to demand in case of the default of the defendants. If the co-owners of plaintiff, or their assigns, were in possession of their undivided two-thirds interest in said mining claim, it would be impossible for defendants to comply with the judgment. The judgment should have been in favor of plaintiff, and against the defendants, for· possession of that interest in the George mining claim which they, or either of them, acquired under said contract or lease, and that he be put into possession of said interest, and the judgment should be modified in this respect. (Freeman, Cotenancy § 293; *Newman* v. *Bank of California,* 80 Cal. 368, 22 Pac. 261; *Hopkins* v. *Noyes,* 4 Mont. 550, 2 Pac. 280.)

There are other errors assigned, but we think it unnecessary to treat them.

The case is remanded, with directions to the court to modify the judgment in accordance with this opinion; and the judgment, as so modified, is affirmed.

*Modified and affirmed.*

DE WITT and HUNT, JJ., concur. .