# R. N. READ v. M. A. R. ALLEN.

SUPREME COURT, GALVESTON TERM, 1883.

*Landlord and Tenant—Judgment—Evidence.*—A judgment against a tenant rendered in a suit to which the landlord was not a party and which he had no opportunity to defend, is not admissible as evidence of the title of a person obtaining such judgment in a suit between such person and the landlord of the tenant. (Read v. Allen, 56 Tex., 180.) But such judgment and the pleadings upon which it was rendered are admissible to show when the possession of a landlord held through a tenant ceased to be a peaceable possession, but as against the landlord for no other purpose.

Appeal from Houston county. Opinion from Stayton, J.

This is a suit of tresspass to try the title brought by the appellant against the appellee to recover a part of a tract of land originally grated to John Welsh. On the 25th day of March, 1880, the appellee brought a suit in the Circuit Court of the United States, at Tyler, against several defendants to recover an undivided half, of the grant to John Welsh. The appellant was not made a party to that suit, nor does it appear that he had any notice of it prior to the time that a judgment was rendered therein. Prior to the institution of that suit the appellant had leased the land now in controversy to one Wallace, who, without the knowledge of appellant, had sublet the land to one Hart, who was made party defendant in the suit brought in the Circuit Court of the United States. It does not appear that Wallace had notice of that suit. In May, 1880, a judgment was rendered in favor of appellee against Hart and other defendants; and on the trial of the cause, over the objections of appellant, that judgment was offered in evidence by the appellee in support of her title. This is assigned as error.

In the case of Read v. Allen (56 Tex. 180) this identical question was decided, and it was there held that a judgment against a tenant rendered in a suit to which a landlord was not a party, and which he had no opportunity to defend, was not admissible as evidence of the title of a person obtaining such title in a suit between such persons and the landlord. The correctness of this decission we see no sufficient ground to question It would seem to be rule of universal application that the rights of no one should be con-

cluded by a judgment renderd in a suit to which he was not a party.

The bill of exceptions show that the judgment objected to was introduced as exclusive evidence of title in the appellee, Allen. A judgment rendered against a tenant, and the pleadings upon which such judgment rendered, are admissable for the purpose of showing when the possession of a landlord, held through a tenant, ceased to be a peaceable possession; but as against the landlord for no other purpose.

The error of the court considered, will require a reversal of the judgment, and as the same was tried by the court without a jury, it appearing that the appellant had had possession of the land in controversy for more than five years, prior to the institution of the suit against Hart, claiming the same under a deed duly recorded, and paying the taxes thereon, such judgment will be here rendered as should have been rendered in the district court, which is, that the appellant recover the land claimed in his petition, and that he have a writ of possession therefor, the same to be issued from the district court of Houston county, and that he recover his costs in this court and in the court below. Reversed and rendered.